## J. H. HALL
### *v.*
## J. K. REBER.

PRACTICE BEFORE JUSTICES OF THE PEACE.   A justice of the peace can, after the evidence and argument are closed, adjourn a case for some fixed and reasonable time, before giving his decision, without losing jurisdiction.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was originally a suit before a justice, and being taken by appeal to the Circuit Court, at the October term, 1863, was, on motion of defendant, dismissed.   The defendant sued out a writ of error.   The facts, so far as they relate to the point decided, appear in the opinion.

Messrs. STUART, EDWARDS & BROWN, for the Plaintiff in Error.

Mr. JOHN E. ROSETTE, for the Defendant in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

It is a misconception of the case of *Harrison* v. *Chipp*, 25 Ill. 579, to suppose that the court designed to decide anything further than that a justice of the peace cannot take a case under advisement indefinitely.   He can unquestionably, like any other court, after the evidence and arguments of counsel are closed, adjourn the case for some fixed and reasonable time, to enable him to reflect upon the evidence or examine the law. It is merely necessary that the adjournment should be for a

definite time, and should be announced in open court, that the parties may be present at the decision, in order to take such steps for the protection of their interests as they deem proper. In the case of *Harrison* v. *Chipp* there was an indefinite postponement. In the case at bar it was for a definite and reasonable time.

*Judgment reversed.*