LABAN SAUNDERS AND E. SAUNDERS, APPELLANTS, v. H. N. PIKE, RESPONDENT.

JUSTICE OF THE PEACE—WHEN MAY ENTER JUDGMENT.—Under the code a justice of the peace may, after a case is submitted to him for decision, take the same under advisement and render a valid judgment without adjourning the case to a day certain.

IDEM—ERROR IN DATE OF ENTRY A MERE IRREGULARITY.—A judgment rendered in a case submitted on the sixth of the month and taken under advisement and a decision made on the eleventh, but entered up in the record as of the sixth, the day on which it was submitted is not for that reason void.

EQUITY—BILL TO SET ASIDE JUDGMENT—WHAT IT MUST SHOW.—Where a party by bill in equity seeks to have a judgment annulled, he must, to be entitled to relief, set out in his bill, the matters determined by such judgment, in so clear and intelligible a manner that the court can on setting aside the judgment proceed to determine the rights of the parties.

APPEAL from Benton County.

The facts are stated in the opinion of the court.

*F. A. Chenoweth*, for appellant.

*Kelsay & Yantis*, for respondent.

By the Court, BOISE, J.:

This is a suit in equity by which it is sought to set aside and vacate a judgment rendered in a justice's court for nine dollars and costs and to enjoin an execution issued on the same.

The case in which this judgment is sought to be annulled was rendered as follows:   H. N. Pike commenced an action before justice C. W. Starr against Laban and E. Saunders, the plaintiffs in this suit, for the sum of one hundred and eighty dollars.   Saunders answered, denying Pike's claim and alleging a counter-claim of one hundred and ninety-two dollars against Pike, on which issue was joined.

This case came on for trial before said justice on the sixth day of April, 1876, and the parties appeared and submitted their allegations and proofs to said justice and submitted the case to him for decision.   Justice Starr did not decide the case on the day it was submitted, but took the same under advisement without setting any day when he would decide it and give judgment, and it is alleged that he decided the case some five or six days after the said sixth, but entered judgment in his record as being given on the said sixth of April, for nine dollars and costs.   After the judgment was so entered the plaintiff, Saunders, attempted to appeal, and as they allege, filed with the justice an undertaking and tried to get service of notice on Pike, but, as is alleged, they were prevented from perfecting this appeal by Pike keeping himself concealed, so that no notice of appeal could be served on him, and that the plaintiffs were thereby deprived of their appeal.

They also allege generally, that the judgment of the justice's court was unjust and that said justice ought to have given a judgment for the plaintiffs, but do not state for how much.

The prayer of the complaint in this suit asks that the

justice's judgment be set aside and vacated, and that the execution be forever enjoined, but does not ask the court to go on and settle the matters in controversy that were in issue in the action in the justice's court.

From these facts it is claimed by the plaintiffs: 1. That the judgment rendered by the justice for nine dollars and costs is null, because on the case being submitted to him he took the same under advisement, and did not adjourn the action to a day certain when the parties could be present and hear his decision, and a number of authorities are cited to sustain this position. Such might be the rule had not our statute provided the mode of proceeding in such cases. Section 262, page 159, of the code, provides that when the court is in doubt what judgment should be given it may order the question reserved for further consideration, and thereupon the entry of judgment shall be delayed until judgment is given. This provision applies to justices of the peace, as it is not otherwise specially provided in the act regulating proceedings in justices' courts; for the mode of proceeding in justices' courts are the same as in like cases in courts of record. Under this statute he had the power to reserve his decision, and would not lose jurisdiction of the case by so doing.

2. It is urged that this judgment is void, because it is entered as being rendered on the sixth of April, when in fact it was rendered on the eleventh of April, for the reason that it shortened the time of appeal to the plaintiff. If this fact appeared on the record it might be an irregularity, but would not render the judgment void, for the reason that the court had jurisdiction of the subject-matter and of the parties to the action, and it is no more than an irregularity when made to appear by a bill in equity. The judgment for all that appears in this case is regular on its face, and valid, and when the bill only shows that there is a latent irregularity, the court will not, for that reason, in the absence of fraud, set the judgment aside. (Freem. on Judg. sec. 487; Willard's Eq. 163.)

3. It is claimed that it was a fraud in the justice to so enter the judgment. The entry of a judgment on the wrong

day is not a fraud, unless willfully done with intent to injure the party, and it does injure him unless it be a constructive fraud depriving him of a right, and this would be a question of fact to be alleged and proved.

In this case the facts as shown by the evidence do not disclose any intent on the part of the justice to defraud the plaintiffs. The only injury which could result to them from this irregular entry as to time, was to shorten their time for appealing five days, and it is not alleged or proved that this deprived them of their appeal. It appears that they had ample time to take the appeal, and did not move in that behalf until about the first of May, 1876, some twenty days after the time said judgment was actually rendered. So from all that appears they were not injured by the judgment being entered on the sixth of April.

4. It is claimed that the defendant, Pike, was guilty of concealing himself and preventing a service on him, and that he thereby was guilty of a fraud, which deprived plaintiffs of their appeal.

There is a conflict in the testimony as to whether Pike did conceal himself. The plaintiff, Laban Saunders, testifies that he searched for him; that he saw him once at or near the house of the justice of the peace, Starr; and that he made off and would not stop to be served; and that he could not find him afterwards; and that he was seeking him to serve the notice of appeal on him himself.

Justice Starr states that plaintiff met Pike near his house, and had an opportunity to serve the notice on him but did not do it, and we think that such an opportunity was given him. But had he served the notice on Pike it would not have been effectual to perfect the appeal, for the code provides that notices can be served "by any person other than the party himself," so that had the plaintiff been successful in his search, he would not have made legal service on the defendant.

But it seems to us that there is another reason why the court cannot grant the relief asked for in this case. The bill prays the annulling of this judgment and stay of execution, but does not set out the matters in controversy in the

justice's court in a manner and form that would enable the court, after annulling this judgment, to proceed and adjust the rights of the parties in the action in which the judgment was rendered. A court of equity will not annul a judgment and open up matters that were settled by it, and leave the parties with their rights unadjusted; for the court sets aside the judgment, if at all, for the purpose of searching after and settling the rights of the parties which were wrongfully adjusted by the judgment.