ROBERT BRECKENRIDGE v. ROSA JOHNSON ET AL.

1. AGRICULTURAL LIEN LAW. *Jurisdiction. Void writ of seizure.*
   A writ of seizure for one hundred and eighty dollars, under the agricultural lien law (Acts 1876, p. 109), is void, if issued by one justice of the peace returnable before another; and the officer who takes property thereunder is a trespasser.

2. SAME. *Circuit Court. Jurisdiction. Appearance. Waiver.*
   After the owner of the property seized has taken it from the officer by an action of replevin, the return of the writ of seizure to the Circuit Court does not give jurisdiction; nor is such owner's motion to dismiss the lien suit a waiver of its nullity.

3. SAME. *Replevin for property seized. Amendment. Res judicata.*
   The owner, who has given bond and holds the property, is entitled to judgment in the replevin suit, notwithstanding the Circuit Court, after amending the writ of seizure, has rendered judgment against him for the debt in the lien proceeding.

ERROR to the Circuit Court of Claiborne County.

Hon. J. B. CHRISMAN, Judge.

*J. D. Vertner*, for the plaintiff in error.

The plaintiff in error should have recovered all the cotton in this action of replevin, because the proceedings under the writs of seizure were so defective as to be void. No writ can be issued by one justice of the peace returnable before another. Code 1871, § 1307, provides that the justice before whom the complaint is made shall determine the cause. The statute must be followed. *Ford* v. *Woodward*, 2 S. & M. 260; *Tucker*

v. *Byars*, 46 Miss. 549 ; *Warren* v. *African Baptist Church*, 50 Miss. 223 ; *Morris* v. *Shryock*, 50 Miss. 590. Suits under the agricultural lien law (Acts 1876, p. 111) are tried like other cases in justices' courts. The writ of seizure issued at the suit of Rosa Johnson was beyond the justice's jurisdiction, and, being void on its face, the officer who seized the products thereunder was a trespasser. Tampering with the writ, after Breckenridge, by an independent action of replevin, had taken the property from the officer who seized it, could not affect the replevin suit. Moreover, the Circuit Court had no power to amend the process, because it was void. Freeman on Executions, § 15 ; Freeman on Judgments, §§ 116–126. Nor could the motions of Breckenridge give the Circuit Court jurisdiction. In the case of *Dogan* v. *Bloodworth*, 56 Miss. 419, the court, under the writ of seizure, had jurisdiction of the subject-matter, and the only defect was the want of a personal summons to the defendant. In that case, his appearance cured the defect. But in this suit the seizure was void ; the Circuit Court had no jurisdiction of the subject-matter ; and the writ of seizure, being peculiarly a proceeding *in rem*, the personal appearance of Breckenridge, after he had taken the property by replevin from the officer, could not make the void proceeding valid. *Stockett* v. *Nicholson*, Walker, 75.

*A. J. Lewis*, for the defendants in error.

The judgment of the Circuit Court should be affirmed. Rosa Johnson's affidavit conformed strictly with the law under which her suit was brought (Acts 1876, p. 109) ; and the amount demanded conferred exclusive jurisdiction on the Circuit Court. *Fenn* v. *Harrington*, 54 Miss. 733. The insertion in the writ of another justice's court instead of the Circuit Court was a mere clerical error, and did not vitiate the process. *Lovelady* v. *Harkins*, 6 S. & M. 412; *Byrd* v. *Hopkins*, 8 S. &. M. 441 ; *Houston* v. *Belcher*, 12 S. & M. 514. The defect was amendable on principle and by the language of the agricultural lien law. Acts 1876, p. 113, § 10 ; Code 1871, §§ 666, 712 ; *Miller* v. *Northern Bank of Mississippi*, 34 Miss. 412 ; *Bloom* v. *Price*, 44 Miss. 73 ; *McClanahan* v. *Brack*, 46 Miss. 246. The plaintiff in error, however, has waived all irregularities by his appearance in the Circuit Court, and motions to dis-

miss. *Harrison* v. *Agricultural Bank*, 2 S. & M. 307 ; *Dandridge* v. *Stevens*, 12 S. & M. 723 ; *Fisher* v. *Battaile*, 31 Miss. 471 ; *Hathcock* v. *Owen*, 44 Miss. 799. But, whatever may have been the irregularities of the writ and the proceedings under it, the cotton in controversy was in custody of the law, and could not be liberated, except in the mode provided by the statute which authorized the original seizure. Where a new right is given by statute, and a specific remedy provided, the right can be vindicated in no other way than that which the statute provides. Sedgwick on Stat. & Const. Law, 343. The agricultural lien law provides a forthcoming bond as the exclusive remedy of a defendant who designs contesting the suit, and replevin is nowhere recognized. Acts 1876, p. 113, §§ 8, 10. The statutory remedy is exclusive, and must be pursued. *Kendrick* v. *Watkins*, 54 Miss. 495 ; *Dogan* v. *Bloodworth*, 56 Miss. 419.

GEORGE, C. J., delivered the opinion of the court.

On February 26, 1878, Rosa Johnson, one of the defendants in error, made oath in due form of law, claiming a lien on certain cotton raised on a plantation leased by the plaintiff in error. She asserted her lien as a laborer, under the act of April 14, 1876, entitled " An Act to provide for Agricultural Liens, and for other purposes." Acts 1876, p. 109. The amount of her lien as claimed, was one hundred and eighty dollars. At the same time, each of the other defendants in error made an affidavit asserting for himself a similar lien on the same property, but for amounts less than one hundred and fifty dollars. The several affidavits were made before one E. J. Smith, a justice of the peace of Claiborne County, who thereupon issued the appropriate writs, under the provisions of the act above mentioned, except that he made each writ returnable before one Daniel Willis, another justice of the peace of said county, " on the regular term of said Willis' court." These writs were placed in the hands of the sheriff, who, on the next day, seized seven bales of cotton, under the writ in favor of Rosa Johnson, and five bales under one of the other writs, and three bales under the third one. On March 1, 1878, Breckenridge, the principal defendant and

debtor in the writs, sued out from the circuit clerk's office of Claiborne County his writ of replevin, in which the sheriff was made a party defendant. This writ was executed by the coroner, who seized the cotton, and delivered it to Breckenridge, upon his executing the proper bond, the defendant waiving his right to give the bond. On the motion of the sheriff and of the defendants in error, they were substituted as defendants to the action of replevin.

On the trial of this action, the questions of law and fact were submitted to the judge by consent of parties. The foregoing facts were brought before the judge, on an agreed statement of the facts of the case; and, in addition, it was agreed that the record in the case of *Rosa Johnson* v. *Breckenridge* in the lien suit should be also submitted as evidence to the court. From this record, it appears that, in some way not explained, the writ issued by Smith, the justice of the peace, in favor of Rosa Johnson, and made returnable before Willis, another justice of the peace, had actually gotten into the circuit clerk's office, and was by the clerk docketed as a cause originating in that court. In January, 1879, Breckenridge made a motion to dismiss that case for want of jurisdiction, and then withdrew it, and thereupon immediately the plaintiff therein moved the court to have the writ amended so as to make it returnable to the Circuit Court, instead of before the said Daniel Willis. This motion was granted. The cause was then submitted without any pleadings, other than the affidavit or petition of the plaintiff, to a jury, who returned a verdict in the usual form for an action of assumpsit, for one hundred and eighty dollars; and the court thereupon rendered a personal judgment against Breckenridge for the amount of the verdict and interest. After this, Breckenridge. moved to set aside the judgment, and to dismiss the cause for want of jurisdiction. There is no evidence in the record that Breckenridge took any part whatever in the Circuit Court in this cause, except to make the motion to dismiss for want of jurisdiction. On this evidence, the circuit judge found in the replevin suit against the defendants in error, except Rosa Johnson, and rendered judgment on her claim for the return of the cotton or the payment of the sum of one hundred and eighty dollars and inter-

est. From this judgment Breckenridge sues out this writ of error.

We think the court erred in rendering judgment against Breckenridge. The writ under which the cotton was seized for Rosa Johnson's benefit was void. On its face it demanded a debt beyond the jurisdiction of a justice of the peace, and it was made returnable before a justice of the peace. It was therefore void on its face, and furnished no authority to the sheriff to do any act whatever under it. He was a trespasser in taking the cotton, and his act did not deprive Breckenridge of his right of possession. He had no authority to return the writ to the Circuit Court. The writ plainly commanded its return to another court; and if the writ had any force whatever, its effect was to allow of a return nowhere else than into the court named in it. But it was an utter nullity, and the sheriff had no power whatever to act under it. The motion of Breckenridge in the Circuit Court to dismiss it for want of jurisdiction was no waiver of its nullity; it was, on the contrary, an assertion of it. As the writ was illegally returned into the Circuit Court, that court had no jurisdiction to amend it. When a suit is commenced in a court having no jurisdiction, it is not in the power of its ministerial officers to transfer it to another court which has jurisdiction. The proper mode is to dismiss it, and then commence anew in the proper court. It cannot be successfully urged that it was a mistake of the justice of the peace that caused the suit to be instituted in a court having no jurisdiction; for, whatever may have been the excuse for it, still the fact exists that the suit was actually instituted in a court having no jurisdiction over the subject-matter; and all the legal consequences follow from such an illegal commencement of the suit.

*Judgment reversed, and judgment here for plaintiff in error.*