## Murray Bros. v. Churchill & Co.

1.  JUSTICE OF THE PEACE—*Jurisdiction Lost by Irregular Continuance.*—Where a justice of the peace continues a cause indefinitely he loses jurisdiction, and any judgment subsequently rendered by him in such case is void.

2.  SAME—*Taking Causes Under Advisement Indefinitely.*—Where a justice of the peace takes a case under advisement indefinitely, any judgment rendered by him thereafter in the case is a nullity.

Motion to Quash an Execution.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1899.   Reversed and remanded. Opinion filed December 18, 1899.

D. D. DONAHUE, attorney for appellants.

The motion to quash the execution issued out of the Circuit Court on a justice transcript was proper. Cunningham v. Wright, 27 Ill. App. 334; Rowe v. Peckham, 30 App. Div. (N. Y.) 173.

The justice of the peace lost jurisdiction when he continued the case indefinitely, and consequently the judgment was void. Harrison v. Chipp, 25 Ill. 575; Crandall v. Bacon, 20 Wis. 671; Brown v. Kellogg, 17 Wis. 490; Iowa Union Tel. Co. v. Boylan, 86 Iowa, 93; Taylor v. Ringer, 19 Pac. 147; State v. Gast, 70 Wis. 673; Crichton v. Beebe, 7 Ill. App. 272; Hall v. Reber, 36 Ill. 483; Carpenter v. Scott, 86 Iowa, 563; Martin v. Fales, 18 Me. 23; McCarthy v. McPherson, 11 Johns. 407; Downer v. Hollister, 14 N. H. 122; Flint v. Gault, 15 Hun, 213.

YOUNG & POTTER, attorney for appellees, contended that great particularity is not required in the docket entries of a justice of the peace. S. & C. R. S., Ch. 79, par. 160.

Where a record of an inferior court shows that jurisdiction of the parties and the subject-matter has once attached, it will be presumed that all subsequent proceedings were in conformity to law, unless the record affirmatively shows the contrary. C., B. & Q. R. R. v. Chamberlain, 84 Ill. 343; Ellinger v. Caspary, 76 Ill. App. 525; Crichton v. Beebe, 7 Ill. App. 276; Kerr v. Bennett, 109 Mich. 546; Chesmore v. Barker, 101 Iowa, 576.

And silence in respect to subsequent jurisdictional steps is not fatal. Ellegaard v. Haukaas, 75 N. W. Rep. (Minn.) 12.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellees sued appellants before a justice of the peace of McLean county. A trial was had on the 11th of June, 1898. The justice did not render judgment on conclusion of the trial but took the case under advisement and continued the cause indefinitely. Ten days thereafter he entered in his docket a judgment against appellants for $60.40 and costs, and applied a tender of $41.15, which had been made before

the trial, in partial discharge of it. On the 5th of August following, an execution issued and was returned not satisfied.

Subsequently appellees filed a transcript in the office of the circuit clerk of the county and sued out an execution thereon. Thereupon appellants moved the Circuit Court to quash the execution upon the ground that no legal judgment had been rendered against them. The court overruled the motion, and from that order this appeal is prosecuted.

By continuing the cause indefinitely on the day of the trial the justice lost jurisdiction, and the judgment subsequently rendered by him was void. At the conclusion of a trial before him, a justice of the peace must either render judgment or continue the cause to some definite time when he shall render judgment. If he takes the case under advisement indefinitely a judgment subsequently rendered by him is a nullity. Harrison v. Chipp, 25 Ill. 575; Hall v. Reber, 36 Ill. 483; Brown v. Kellogg, 17 Wis. 490.

Calling to their aid the rule of law that where the record of an inferior court shows that jurisdiction of the parties has once attached, it will be presumed that all subsequent proceedings were in conformity to law, unless the record shows affirmatively the contrary, appellees contend that the presumption should be indulged that the justice, when he continued the cause on the 11th of June, continued it to some definite time. We do not see how that could be in the face of the record made by him. It reads:

" June 11, 1898, 3 P. M. Parties appeared. Defendants filed objections to deposition. Deposition was opened and read. Witness was examined. The court continued the cause to read exhibits in deposition and examine authorities."

The plain purport of the language is an indefinite continuance.

The Circuit Court should have sustained the motion. The judgment will be reversed and the cause remanded with directions to the court below to enter an order quashing the execution. Reversed and remanded.