STATE EX REL. COLLIER, APPELLANT, *v.* HOUSTON, JUS-
TICE OF THE PEACE, RESPONDENT.

(No. 2,450.)

(Submitted November 7, 1907. Decided November 18, 1907.)

[92 Pac. 476.]

*Justices of the Peace—Jurisdiction—Judgment—Postponement of Rendition—Effect.*

Justices of the Peace—Jurisdiction.
  1. Justices' courts are of limited jurisdiction, having only such powers as are conferred upon them by statute.
Same—Statutes—Procedure.
  2. In the exercise of the powers granted to justices of the peace, they must pursue the statute, not only as to the classes of cases which they may hear and determine, but as to the procedure prescribed.
Same—Judgment—Postponement of Rendition—Effect.
  3. Where a justice of the peace, after submission of a cause to him for determination, took it under advisement, without the consent of the parties, appointing neither time nor place for the rendition of judgment, he lost jurisdiction, and the judgment, rendered about a month thereafter, without notice to the parties, was void. (Code Civ. Proc., sec. 1623.)
Same—Taking Case Under Advisement—When Permissible.
  4. *Obiter:* While a justice of the peace may, with the consent of the parties, take a case under advisement, the adjournment of the trial, so brought about by stipulation, must be to a time and place appointed for that purpose, and an order to that effect entered upon his docket.

*Appeal from District Court, Chouteau County; Jno. W. Tattan, Judge.*

*Certiorari* by the state, on the relation of John Collier, against S. Houston, justice of the peace, to annul a judgment. From a judgment for defendant, relator appeals. Reversed.

*Mr. W. B. Sands,* and *Mr. R. E. O'Keefe,* for Appellant.

Citing: *Sluga* v. *Walker,* 9 N. Dak. 108, 81 N. W. 282; *Clark* v. *Read,* 5 N. J. L. 486; *Edwards* v. *Hance,* 12 N. J. L. 108; *Hall* v. *Reber,* 36 Ill. 483; *Brosde* v. *Sanderson,* 86 Wis. 368, 57 N. W. 49; *Brahmstead* v. *Ward,* 44 Wis. 591; *Crandall* v. *Bacon,* 20 Wis. 639, 91 Am. Dec. 451; *Brown* v. *Kellogg,* 17 Wis. 490; *Mahr* v. *Young,* 13 Wis. 635; *Gamage* v. *Law,* 2 Johns. 192; *Wiest* v. *Critsinger,* 4 Johns. 117; *Ruberts* v. *Hathaway,* 42 Mich. 592, 4 N. W. 307; *Scullen* v. *George,* 65 Mich. 215, 31 N. W. 841; *Hall* v. *Shank,* 57 Mich. 36, 23 N. W. 478; *Guthrie* v. *Humphrey,* 7 Iowa, 25; *Harrison* v. *Sager,* 27 Mich. 476; *Fox* v. *Meacham,* 6 Neb. 530; *Catlin* v. *Rundell,* 1 N. Y. App. Div. 157, 37 N. Y. Supp. 979; *Nicholson* v. *Roberts,* 6 Ohio Dec. 233.

Mr. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On November 3, 1905, J. L. Sprinkle commenced an action against the relator in the court of the defendant, a justice of the peace of Chinook township, Chouteau county. Issues having been joined by the parties, the cause was tried without a jury on December 18, 1905. At the close of the trial, but without the consent of the parties, the defendant took the cause under advisement, appointing neither time nor place for the rendition and entry of the judgment. Thereafter, on January 22, 1906, a decision was rendered in favor of the plaintiff, that he recover from the defendant $70, with costs of suit, and judgment was then, or thereafter, entered upon defendant's docket accordingly. This was done apparently without notice to the parties. On July 30, 1906, an execution was issued and placed in the hands of a constable to collect the amount of the judgment. Thereupon the relator obtained from the district court a writ of *certiorari* to have the judgment annulled, on the ground that, by taking the cause under advisement for an indefinite time and failing to render judgment at the close of the trial, defendant lost jurisdiction, with the result that the judg-

ment was void. After a hearing, the district court concluded that the action of the justice was proper and affirmed the judgment. The relator has appealed.

The judgment of the district court is clearly erroneous. Justices' courts are of limited jurisdiction, having only such powers as are conferred upon them by the statute. (Const., Art. VIII. sec. 20; *Layton* v. *Trapp*, 20 Mont. 453, 52 Pac. 208; *State ex rel. Kenyon* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; *Oppenheimer* v. *Regan*, 32 Mont. 110, 79 Pac. 695.) In the exercise of the powers granted, they must pursue the statute, for that is the charter of their powers, not only as to the classes of cases which they may hear and determine, but as to the procedure they must observe. A liberal construction must be given these statutes, however, with a view to effect their object and to promote justice. (Civ. Code, sec. 4652.)

The provision of the statute touching the rendition and entry of judgments by justices' courts when sitting without a jury is the following: "When the trial is by the court, judgment must be entered at the close of the trial." (Code Civ. Proc., sec. 1623.) In California it is held that such a statute is directory (*Heinlen* v. *Phillips*, 88 Cal. 557, 26 Pac. 366; *American Type F. Co.* v. *Justice's Court*, 133 Cal. 319, 65 Pac. 742, 978), and that a judgment rendered after a postponement, at the close of the trial, is valid. This view is founded upon the notion that, since no penalty is imposed for a violation of the statute, it may not be presumed that the legislature intended to put the parties to the expense of a retrial because the justice fails to observe it.

It is held by some courts that such a statute is mandatory, and that, if the justice fails to observe it, his judicial functions with respect to the particular case cease and the judgment is void. This is the rule in North Dakota and Wisconsin; the courts of these states holding that the statute must be obeyed literally. (*Sluga* v. *Walker*, 9 N. Dak. 108, 81 N. W. 282; *Hull* v. *Mallory*, 56 Wis. 355, 14 N. W. 374.) So in New York, where the statute requires the justice to render and enter his

judgment within four days after the close of the trial, he must do so. A judgment rendered after the lapse of this time is void. (*Catlin* v. *Rundell*, 1 App. Div. 157, 37 N. Y. Supp. 979; *Watson* v. *Davis*, 19 Wend. (N. Y.) 371; *Stephens* v. *Santee*, 49 N. Y. 35.) Also, in the case of *Stewart* v. *Waite*, 19 Kan. 218, the supreme court of that state, under a statute containing a like provision, held that a judgment entered after the lapse of four days from the close of the trial was void. The same rule is announced by the courts of Michigan, Iowa, and Nebraska. (*Harrison* v. *Sager*, 27 Mich. 476; *Guthrie* v. *Humphrey*, 7 Iowa, 23; *Fox* v. *Meacham*, 6 Neb. 530.)

Other courts, adopting a more liberal rule, hold that the justice may take the case under advisement for a reasonable time; but even these declare the rule that the adjournment must be had to a particular time and place, so that the parties may be present, if they desire, to know the result at the time, and thus be enabled to take such steps as may be deemed advisable in order to protect their rights. (*Clark* v. *Read*, 5 N. J. L. 560; *Edwards* v. *Hance*, 12 N. J. L. 108; *Harrison* v. *Chipp*, 25 Ill. 471; *Hall* v. *Reber*, 36 Ill. 483.)

In Oregon a justice may take a case under advisement indefinitely, without losing jurisdiction (*Saunders* v. *Pike*, 6 Or. 312); but it seems that in that state there is no statute such as the one now under consideration. We think the better rule to be that the justice may take a case under advisement if the parties consent. The stipulation for the adjournment is, in legal effect, a suspension of the trial for the time being, to be taken up again at the convenience of the parties. In such case, however, the adjournment must be to a time and place appointed, and an order to that effect entered upon the docket as is required when postponements are ordered by the justice or are allowed by consent of the parties, or for cause before the trial begins. (Code Civ. Proc., secs. 1591-1593, 1660.)

The obvious purpose of the provision is to have the controversy ended promptly, while the parties are present, so that they may be relieved of the necessity of attending the court to

ascertain the result, and thus be enabled promptly to take such further steps as may be necessary. It is most frequently the case that one, or both, of the parties live at a distance from the place of trial. They may not be put to the necessity of coming again to ascertain the result. The losing party may desire to pay the judgment and thus prevent accruing costs, or he may wish to appeal, and may be able at the time to perfect it, whereas, if the decision is delayed, he may be put to further trouble and expense. But, whether this be the purpose or not, the statute is the limit of the power, and even under the rule of construction declared by the statute, *supra,* its mandate must be obeyed. Any other interpretation of it leads to the conclusion that the justice may postpone the decision indefinitely; and, to prevent the consequences which might otherwise result, we should be required to say that a judgment rendered after an indefinite postponement would be valid, provided the justice should give notice to the parties of the time and place of its rendition. This would be judicial legislation; for the statute does not authorize the postponement, nor does it provide for notice, nor is there any other provision authorizing the one or requiring the other.

We are of the opinion that the justice lost jurisdiction of the case, and that the judgment rendered as it was is void.

The judgment of the district court is reversed, and the cause is remanded, with instructions to enter judgment for the relator.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.