**Mrs. M. Sear, Plaintiff in Error, v. C. C. Emerson & Company and A. W. Hopkins, Garnishee, Defendants in Error.**

## Gen. No. 5387.

1. JUSTICE OF THE PEACE—*power to order continuance.* A justice of the peace has power to take a case under advisement and continue a cause for decision to a definite time.

2. JUSTICE OF THE PEACE—*what final judgment in attachment suit.* It is not the entry of a default or a conditional judgment against the attachment defendant that fixes the time with respect to the taking of an appeal; the time for the taking of the appeal begins to run from the entry of final judgment upon the merits of the case as between the plaintiff and the attachment defendant.

3. JUSTICE OF THE PEACE—*within what time appeal must be taken.* An appeal from a judgment in attachment may be taken at any time within twenty days after the rendition of the judgment. It is only where there has been a trial of the right of property where personal property is taken on execution or attachment that the appeal must be perfected within five days.

Action commenced before justice of the peace. Error to the Circuit Court of Putnam county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

J. L. MURPHY, for plaintiff in error.

GEORGE W. HUNT, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a writ of error sued out by Mrs. M. Sear to review a judgment of the Circuit Court of Putnam county dismissing an appeal taken by her from the judgment of a justice of the peace in a suit wherein she was plaintiff, C. C. Emerson & Company were defendants and A. W. Hopkins was garnishee. It is contended that the justice lost jurisdiction by an unauthorized continuance, that the appeal was not taken within five days as it should have been, and that it was not

taken within twenty days after a final judgment against C. C. Emerson & Company.

The record shows that Mrs. M. Sear brought this suit in attachment against C. C. Emerson & Company, non-residents; that Hopkins was duly summoned as garnishee; that C. C. Emerson & Company did not appear at the return day and that Hopkins did appear; that the cause was properly continued as to all parties till November 20, 1909, at ten o'clock A. M.; that notices to C. C. Emerson & Company were duly posted; that on November 20, 1909, at ten o'clock A. M. the case was called and plaintiff appeared; that C. C. Emerson & Company were called three times and came not and were defaulted; that evidence was heard and the cause was continued as to all parties till Saturday, November 27, 1909, at one o'clock P. M. The entry thereafter is as follows:

"Case called at 1:30 P. M., Nov. 27, 1909, as to Garnishee. Conditional judgment in the original suit vacated and set aside. Judgment against the Ptff. for costs of both suits."

It is contended that when the justice heard the evidence on November 20, it was his duty to enter a judgment, and that the justice was without power to continue the cause to a specified date seven days later, reliance being had on Harrison v. Chipp, 25 Ill. 471 (475). In that case the adjournment was for an indefinite time, and the power of a justice to adjourn a case to some fixed and reasonable time after hearing the evidence and arguments, to enable him to reflect upon the evidence or to examine the law, was settled in Hall v. Reber, 36 Ill. 483, and that decision has been, we believe, universally followed since.

It is contended that the default entered November 20 against C. C. Emerson & Company was a final judgment and, as the appeal by Mrs. M. Sear was not perfected till December 14, 1909, therefore the appeal was too late. The entry of November 20 was a default only, and not a judgment. The justice had not yet

determined whether C. C. Emerson & Company were indebted to Mrs. M. Sear nor the amount of such indebtedness. Whether it was necessary for the justice to enter a default need not be determined. The default did no harm. The entry "conditional judgment in the original suit vacated and set aside" in the proceedings of November 27 was meaningless, for there had been no conditional judgment, and the only conditional judgment which could have been entered prior thereto would have been a conditional judgment against the garnishee if he had not appeared. The only judgment was on November 27, and the appeal was perfected less than twenty days thereafter.

An appeal must be perfected in five days from a judgment rendered upon a trial of the right of property, which is where personal property is taken on execution or attachment issued by a justice and the property is claimed by some other person and such claimant gives notice to the constable of his claim. R. S. 1909, chap. 79, Art. 13. This was not a trial of the right of property. The Circuit Court in dismissing the appeal, granted two written motions, filed by Hopkins and set out in the bill of exceptions. In one of these motions Hopkins stated that the Amerian National Bank claimed the entire amount of the funds held by the garnishee and claimed the same by virtue of an assignment of a bill of lading from C. C. Emerson & Company to other parties, and that the justice, at the hearing before him, found that the funds in the hands of Hopkins belonged to said American National Bank. This motion and statement of alleged fact therein was not sworn to nor supported by any affidavit. In the Circuit Court the American National Bank entered a written appearance, but it was not a party before the justice and it took no steps to make any claim in the Circuit Court. Even if Hopkins did claim before the justice that he owed the money in his hands to the American National Bank and not to C. C. Emerson & Company that only went to the question

whether he was liable to his garnishment and did not turn the proceeding before the justice into a trial of the right of property under the statute above referred to, which requires an appeal from a judgment in a trial of the right of property to be perfected within five days.

It was therefore error to dismiss the appeal, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*