### E. F. Colwell, Appellee, v. S. J. Swick, Appellant.

1. REPLEVIN, § 10*—*what is nature of statute.* Section 2 of the Replevin Act (chapter 119, J. & A. ¶ 9187) prohibiting actions of replevin at the suit of the defendant in execution, and section 4 of such Act (J. & A. ¶ 9189) requiring an affidavit that the goods were not seized under any execution, are mostly declaratory of the common law.

2. JUSTICES OF THE PEACE, § 117*—*when judgment must be rendered.* A justice of the peace at the conclusion of a trial before him must either render judgment or continue the cause to some definite time when he shall render judgment; and if he takes the case under advisement indefinitely, a judgment subsequently rendered by him is a nullity.

3. EXECUTION, § 33*—*when execution void.* An execution issued on a judgment of a justice which is void because of his taking the case under advisement indefinitely, is unauthorized and void.

4. REPLEVIN, § 10*—*what property may be replevied.* As a general rule, neither the defendant in execution nor any one claiming under him can maintain replevin against an officer levying an execution, as the property is in the custody of the law.

5. REPLEVIN, § 10*—*when property taken under execution may be replevied.* A writ in the form of an execution, which is void because the judgment on which it is issued is void is not an execution, and the party named therein may replevy property attempted to be taken under such void writ.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

J. A. MERRY, for appellant.

DRENNAN & BULLINGTON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

In May, 1913, S. J. Swick, a constable, by virtue of an execution issued by a justice of the peace, levied on certain chattel property belonging to E. F. Colwell. Colwell began a replevin suit before a justice of the

peace to retake the property. A writ was issued and the property replevined. An appeal was taken from the judgment before the justice to the Circuit Court, where a motion was made to dismiss the case on the ground that there was no sufficient affidavit and that the writ was issued without authority of law.

The motion to dismiss was overruled and the case was then tried by the court without a jury. The court found for the plaintiff and judgment was rendered that he is entitled to the possession of the property replevined and for costs. The defendant appeals.

There is no controversy over the facts. William Waterman brought suit in a justice's court against Colwell. The summons was returnable November 15th. On the return day the case was continued to November 16th, at 1 P. M., when the trial was begun. The docket contains this entry: "Trial heard and court takes the case under advisement. After examining court reports the court found in favor of plaintiff. 'Judgment Twenty-five Dollars and costs of said suit." Signed by the justice. The execution issued on this judgment was the execution levied on the property of appellant which he replevined. The affidavit for replevin as filed before the justice contained the statutory requirements except that it stated that the property had not been seized under any *valid* execution. The affidavit was amended in the Circuit Court by striking out the word "valid." The second section of the Replevin Act (chapter 119, J. & A. ¶ 9187) provides: "No action of replevin shall lie at the suit of the defendant in any execution or attachment to recover goods or chattels seized by virtue thereof, unless such goods and chattels are exempted by law. * * *"
The fourth section (J. & A. ¶ 9189) provides: "The person bringing such action shall before the writ issues file * * * an affidavit showing that the plaintiff in such action is the owner * * * that the same has not been taken for any tax * * * nor seized

under any execution or attachment against the goods and chattels of such plaintiff liable to execution * * *." These provisions of the statute are mostly declaratory of the common law. The question at issue is, had the goods been seized under an execution against the plaintiff within the contemplation of the statute?

It is contended that because the justice took the case in which the execution was issued under advisement, without fixing a time at which he would dispose of it, he lost jurisdiction and the judgment rendered and execution issued thereon are void, and that the replevin was not of property that had been taken on execution. The rule is that a justice of the peace, at the conclusion of a trial before him, must either render judgment or continue the cause to some definite time when he shall render judgment. If he takes the case under advisement indefinitely, a judgment subsequently rendered by him is a nullity. *Hall v. Reber,* 36 Ill. 483; *Murray Bros. v. Churchill & Co.,* 86 Ill. App. 480. The record of the justice's judgment in the case in which the execution was issued shows that after the trial was finished the case was taken under advisement indefinitely. No time was fixed when the parties were to meet to hear the judgment rendered. The docket does not show when the judgment was rendered. The postponement being to an indefinite time, the judgment is a nullity and void. There was no judgment on which an execution could issue, and the purported execution was therefore unauthorized and void. *Ling v. Henry W. King & Co.,* 91 Ill. 571; *Cummins v. Holmes,* 109 Ill. 15.

Appellant cites *McClaughry v. Cratzenberg,* 39 Ill. 117, and *Heagle v. Wheeland,* 64 Ill. 423, and contends that these cases decide the question involved. In the *McClaughry* case, *supra,* the affidavit stated that the property had not been taken for "any legal tax." The party suing out the replevin sought to test the validity

of an act of the legislature, which manifestly could not be done in that way. In the *Heagle* case, *supra,* the original owner of property, which had been sold for the payment of a penalty or fine against the property taken up for running at large, in which notice to the unknown owner had been given by posting, sued out the writ to retake the property from the purchaser at the sale. The statute in force at the time that decision was rendered provided that the affidavit must state that the goods had not been taken for any tax, assessment or fine levied by virtue of any law of this State. The party suing out the writ recovered judgment for the possession of the property sold to pay a fine, and the Supreme Court affirmed the judgment on the ground that the justice's judgment was void because the justice did not have jurisdiction and for the reason that the property was not in the custody of the officer but had been sold on an execution or order from the justice, the penalty having been assessed in favor of a town by a justice residing in the town, which at that time was prohibited by statute. A further reason for affirming the judgment was that the property replevied was not in the custody of the officer but had been sold to a third party from whom it was replevied.

The question of whether property attempted to be levied on under a void execution, or an execution issued on a void judgment, can be replevied by the owner of the property, who is the judgment debtor in the void judgment and execution, has never, that we can find, been squarely decided in this State. The question decided in the *Heagle* case, *supra,* however, has some analogy to this case. At common law it was contempt of the court issuing an execution, for the judgment debtor to replevy property taken under it. The general rule is well settled that neither the defendant in execution nor any one claiming under him can maintain replevin against an officer levying an execution,

for the reason the property is in the custody of the law. Freeman on Executions, sec. 268; 34 Cyc. 1368. The rule is also announced by the courts of some States that where the judgment on which an execution issued is void, the defendant may maintain replevin for goods seized thereunder against the officer making the levy; and this is so, although the execution is regular on its face. 34 Cyc. 1369; *Adams v. Hubbard,* 30 Mich. 103; *Balm v. Nunn,* 63 Iowa 641; *Karr v. Stahl,* 75 Kan. 387; *Iron Cliffs Co. v. Lahais,* 52 Mich. 394; *Breckenridge v. Johnson,* 57 Miss. 371; *Muller v. Plue,* 45 Neb. 701; *George v. Chambers,* 11 M. & W. 149 (Eng.).

"A void judgment is in legal effect no judgment. From it no rights can be obtained, being worthless in itself all proceedings founded on it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it are void." Freeman on Executions, sec. 20; *Campbell v. McCahan,* 41 Ill. 45.

We are of the opinion that a writ in the form of an execution, which is void for the reason the supposed judgment on which it is issued is void, is not an execution, and that the party named therein may replevy property attempted to be taken under such void writ. A constable, a ministerial officer, is ordinarily not liable for damages for serving a writ, which is regular on its face and does not disclose a want of jurisdiction. *Tuttle v. Wilson,* 24 Ill. 561; *Housh v. People,* 75 Ill. 487. It is insisted by appellant that the remedy of the appellee is by a suit in trespass or trover against the person at whose instance the supposed execution was issued. If that party should be irresponsible then appellee, whose property has been taken by a void writ, would be remediless. The judgment is affirmed.

*Affirmed.*