serve its decision for some reasonable but definite time when he will pronounce judgment, so that the parties may be present and govern themselves accordingly. Hall v. Reber, 36 Ill. 483; Calwell v. Swick, 190 Ill. App. 369; Sear v. Emerson, 160 Ill. App. 276; Murray v. Churchill, 86 Ill. App. 480; State v. Houston, 36 Mont. 178, 92 P. 476, 12 Ann. Cas. 1027; Edwards v. Hance, 12 N. J. Law, 108; Clark v. Read, 5 N. J. Law, 486.

In Saunders v. Pike, 6 Or. 312, the power to reserve decision for an indefinite time is sustained upon the theory that such right exists by statute in the courts of record and no exception is made in the courts of justices of the peace. The same is also held in Missouri. State v. Davis, 194 Mo. 485, 92 S. W. 484, 4 L. R. A. (N. S.) 1023, 5 Ann. Cas. 1000.

■ It seems that this act of a justice in reserving his judgment for an indefinite time is said in some courts to create a chasm or gap, and thereby work a discontinuance. The courts of Alabama at an early date relaxed the rule of the common law so as to hold that a discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure to perform some precedent duty enjoined upon him by law. Ex parte Holton, 69 Ala. 164, 168; Ex parte Humes, 130 Ala. 201, 203, 30 So. 732; Mobile v. Board of Revenue, 219 Ala. 60, 121 So. 49; Ex parte Doak, 188 Ala. 406, 414, 66 So. 64, 67.

■ Section 8716, Code 1923, provides that as to parties, trial, competency of witnesses, admissibility of evidence, regulation of suits, and time when they may be brought, the same rules and regulations shall obtain before justices of the peace as in the circuit court. There is no time fixed by law in which justices shall render judgments as is provided in some states. Section 8708, Code 1923, is what we have on that subject, and it does not contain any such provision. Our judgment, therefore, is that the same rule in this respect should obtain in the justice as in the circuit courts in Alabama.

■ From the cited Alabama authorities, we infer that the indefinite postponement of the time for the pronouncement of a judgment, not due to any active conduct of the plaintiff, does not create such a chasm as works a discontinuance. If either party is dissatisfied with the length of a delay, he could doubtless force decisive action by the justice by proper proceeding. We must assume therefore that neither party had objection to the delay.

Our conclusion is that the judgment of the justice in this case is not void on its face for want of jurisdiction or other cause, and is sufficient to support the statutory certiorari, in the nature of an appeal for a trial de novo. Code 1923, § 8784.

The judgment dismissing the so-called appeal is therefore, in our judgment, erroneous.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

(132 So. 47)

Ex parte Dock NARRELL.

8 Div. 252.

Supreme Court of Alabama.

Oct. 23, 1930.

Street, Bradford & Street, of Guntersville, for petitioner.

See Narrell v. State (Ala. App. 8 Div. 898) 132 So. 45.

See also Narrell v. State (8 Div. 250), post, p. 145, 132 So. 47.

PER CURIAM.

Writ denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

(130 So. 547)

SIBLEY et al. v. BOWEN.

8 Div. 220.

Supreme Court of Alabama.

Oct. 23, 1930.

