José D. PADILLA, Petitioner and Appellant, *v.* PEOPLE OF PUERTO RICO, Respondent and Appellee.

No. 4572. Argued December 3, 1931.—Decided December 8, 1931.

*José N. Quiñones* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a habeas corpus proceeding heard before the Chief Justice, sitting as an individual judge. We gather that the facts were undisputed. Nevertheless, evidence was offered at the hearing to prove the facts set forth in the petition. None of this evidence has been duly certified to us. In the transmitted papers stenographic notes appear to be transcribed, but this paper writing has not been certified to by the judge who heard the evidence. In all cases where evidence is presented to a court, it must be identified, verified, and approved by the judge who heard it. This is the rule, and the reasons for it are obvious. Mistakes or inaccuracies may creep in or totally unnecessary matters may be certified.

Assuming from the opinion of the Chief Justice and the briefs of the parties that the facts are duly before us, the judgment would necessarily be affirmed.

Three libel cases were heard before a municipal court and the cases were ready for sentence. However, another case for false representation was pending before the same court. The parties agreed that the case for false representation be postponed for four or five days later. Then the petitioner himself asked that the judgments in the libel cases be pronounced at the deferred date. The court agreed.

Section 29 of the Code of Criminal Procedure provides in part as follows:

"Fourth: The justice of the peace shall then consider the evidence, and within twenty-four hours thereafter render his decision."

As the Chief Justice points out, the failure to render judgment in twenty-four hours is error and has been so held by this Court. *People* v. *Cardona*, 36 P.R.R. 556; *People* v. *Rodríguez*, 39 P.R.R. 542; *People* v. *Acosta*, 40 P.R.R. 451. Nevertheless, the jurisprudence shows that this is a privilege that a defendant himself may waive. *Barnes* v. *Badger*, 41 Barb. 98; *State ex rel. Collier* v. *Houston*, 92 Pac. 476; 87 A.S.R. 672; 16 R.C.L. 386. As held by the Chief Justice, no

jurisdictional matter is involved. We can not agree that a municipal court loses jurisdiction when it postpones judgment at the instance of the defendant. It seems to us that not even in a criminal case can a defendant take advantage of his own wrong.

The orders will be affirmed.

Mr. Chief Justice Del Toro did not participate herein.