268 So.2d 752

**W. E. WILLIAMS, d/b/a Ace Plumbing and Heating Company**

v.

**PYRAMID DEVELOPMENT COMPANY, INC., a corp., et al.**

6 Div. 933.

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 30, 1972.

Corretti, Newsom, Rogers & May, Birmingham, for appellant.

Clifford Reeves, Beddow, Embry & Beddow, Birmingham, for appellee.

COLEMAN, Justice.

Complainant appeals from a decree dismissing his bill in equity whereby he sought to establish and enforce a mechanic's and materialman's lien upon a parcel of real estate in the City of Birmingham.

The respondent, San-Ann Service, Inc., a corporation, is, apparently, the owner of the real estate and will be referred to as the owner. Complainant alleges that the owner entered into a contract with the respondent, Pyramid Development Company, Inc., a corporation, whereby Pyramid was to construct a service station on the real estate. Pyramid will be referred to as the contractor.

Complainant alleges that he entered into a contract with the contractor whereby the contractor agreed to pay complainant for installing plumbing fixtures on the real estate and furnishing materials; that complainant performed all his work in a good and workmanlike manner and furnished the materials; that on May 19, 1970, complainant gave notice to the owner that complainant had furnished labor and materials on this job to the contractor; that complainant filed in the "Probate Office of Jefferson County" a verified statement of lien on June 9, 1970; and that the sum the contractor agreed to pay to complainant is now due.

The bill of complaint was filed July 28, 1970.

Summons to the contractor was issued, and, on July 30, 1970, the sheriff returned "NOT FOUND" the summons issued to the contractor.

On August 28, 1970, the owner filed demurrer to the bill of complaint. A minute entry recites that the cause was submitted for decree on demurrer on October 8, 1970. On that date the court rendered a decree overruling the demurrer filed by the owner and allowed "the Respondent" twenty days in which to answer.

On October 27, 1970, the owner filed a motion "to strike the bill of complaint in this cause on account of a discontinuance of same." The owner assigns four grounds for the motion, the substance of which is expressed as follows:

"For that complainant proceeded to a submission on this respondent's demurrer in this cause without first having before the court by proper summons and process the contractor, Pyramid Development Company Inc., a corporation, a necessary party to this suit."

On September 3, 1971, the court rendered a decree which recites:

"This cause came on to be heard upon 'Motion Of Respondent, San-Ann Service, Inc., A Corporation, To Strike Bill of Complaint For Discontinuance'. The Court heard statements and arguments of counsel in Open Court, and finds that, according to the laws and statutes of the

State of Alabama, a discontinuance has been occasioned in this cause as set forth in the said Motion and that the said Motion should be granted.

"Accordingly, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Bill of Complaint in this cause should be, and it hereby is, stricken, as prayed in said Motion, and this cause is dismissed, but without prejudice.

"The costs of this action are taxed to Complainant, for which let execution issue."

Complainant's application for rehearing was overruled October 8, 1971, and complainant appealed.

Rendition of the decree of September 3, 1971, is assigned as error.

Complainant argues that the court erred in striking the bill and dismissing the case " . . . . on the grounds that the ruling on the demurrer without service on the other defendant worked a discontinuance of the cause of action."

The owner replies that the contractor is a necessary party in a proceeding to enforce a materialman's lien, and that complainant caused no alias summons to issue and took no further action whatsoever to bring in the contractor by service of process, and, therefore, this failure of complainant to perform the duty imposed on him to bring in the necessary party worked a discontinuance.

■ The construction of the statute seems clear that the contractor is an indispensable party respondent in a suit brought to enforce a lien by a party who has furnished material and labor to the contractor.

§ 56, Title 33, recites in pertinent part as follows:

"If the suit is by an employee of the contractor, or by any person who has furnished to him material for the building or improvement, the contractor shall be a necessary party defendant thereto . . . ."

In pertinent part, § 57, Title 33, recites:

"When the lien is sought to be enforced by any person other than the contractor, it shall be the duty of the contractor to defend the suit at his own expense; . . . . "

With reference to these Code sections, this court has said:

" . . . . Section 4774 (Code 1907) makes provision for one who has furnished material to a contractor to give notice to the owner to answer under oath the amount of the indebtedness to the contractor on his contract, and proceedings had against the owner as in garnishment cases; the succeeding section has reference to this proceeding. Nunnally v. Dorand, 110 Ala. 539, 18 South. 5. These statutes, however, require that the contractor shall be a necessary party defendant thereto, and the count under consideration, not only fails to aver who was owner or proprietor of the property, but the record discloses that at the time of the filing of the demurrers to these counts the complaint had been amended by striking Ross, the contractor, as a party to the suit. In this attitude of the record, therefore, this count could not be construed as coming within the provisions of said statute." Sanitary Plumbing Co. v. Simpson, 200 Ala. 590, 591, 76 So. 948,

" . . . . Under the express language of Sections 56 and 57, Title 33, Code of 1940, it is necessary that the contractor be made a party defendant in a suit brought to enforce a statutory lien by a materialman who has furnished materials to a contractor. . . . .

" . . . . . .

"Mechanics' liens were not recognized by the common law and the rule seems to be uniform in all of our cases as well as those of other jurisdictions that a mechanic's or materialman's lien is not allowable in equity independently of statute and where such statutory authority is relied upon there must be a strict compli-

ance therewith. (Citations Omitted)" Emanuel v. Underwood Coal & Supply Co., 244 Ala. 436, 439, 440, 14 So.2d 151.

Except as already stated, the record does not disclose any action by complainant to obtain service of summons on the contractor or any circumstances relating to the failure to obtain such service.

" . . . . The courts of Alabama at an early date relaxed the rule of the common law so as to hold that a discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure to perform some precedent duty enjoined upon him by law. (Citations Omitted)" Sales· Method Co. v. City Meat Market, 222 Ala. 12, 13, 130 So. 536.

The discontinuance in the instant case can be predicated on complainant's failure to obtain service of process on the contractor. Suit was commenced July 28, 1970. The decree of dismissal was rendered more than one year later on September 3, 1971, after hearing in open court.

Equity Rule 74 recites:

"If the plaintiff shall not, within six months after the filing of the bill, have taken measures to bring in the defendant, his bill may be dismissed." 1958 Recompiled Code, Vol. 3, page 1283; Title 7, Appendix.

In Clay's Digest, 615, Rule 28, the predecessor of present Rule 74, recites:

"28. If the complainant shall not, before the second term after filing his bill, have taken measures to bring in the defendant, his bill shall be dismissed."

In the Revised Code of 1852, 721, Rule 28 concludes:

" . . . . his bill may be dismissed."

In the 1940 Equity Rules, Code 1940, Title 7, Appendix, page 1105, Rule 74 appears in the language quoted above from 1958 Recompiled Code.

In Hodges v. Wise, 16 Ala. 509, this court considered Rule 28, Clay's Digest, 615, supra, and held a suit properly dismissed where for five years complainant had failed to obtain service on some respondents who were infants, although service had been had on their mother and her husband who were each made defendants to the bill. This court said:

" . . . . The plain object of the rule was to avoid delay, and to compel complainants to have their causes ripe for hearing by the second term, at least so far as to have taken measures for bringing in defendants. This object would be defeated if the taking measures to bring in one of several defendants should relieve the party from the operation of the rule in respect to others; or if he could obtain an exemption by resorting to measures to bring in the parties not recognised by law, or the practice of the court, and which prove ineffectual. The rule is a salutary one, and if properly enforced, will, in my judgment, contribute much to relieve the courts of chancery of the complaints too often with justice urged against them, of delays in their proceedings. The rule should not therefore be lightly regarded. . . . ." (16 Ala. at 512)

In present form, Rule 74 reposes in the trial court a discretion to dismiss for complainant's failure to bring in a respondent within six months after filing the bill. The general rule in this respect has been expressed as follows:

"The principle is deducible from the decisions that courts of original jurisdiction—especially courts of equity, but the principle is not confined to them—may exercise their recognized power to dismiss an action because of the plaintiff's failure to prosecute it with due diligence, which is an inherent power and exists independently of any statute or rule of court, where an unreasonable delay occurs in the issuance or service of summons. The question of what constitutes

such a delay is, in the first instance, within the discretion of the court before whom the application to dismiss or discontinue is made, and its decision will not be disturbed on appeal in the absence of a clear abuse of discretion. See, as supporting these conclusions, the following decisions: (Citations Omitted)" (167 A.L.R. at 1062)

■ Complainant argues that dismissal in the instant case works a hardship on complainant because the six-months statute had run prior to the decree dismissing the cause, and he is barred by the statute from perfecting a mechanic's lien. This argument has been considered by other courts and rejected for various reasons.

In Bernays v. Frederic Leyland & Co., 228 F. 913, the court said that no reason is given for failure to prosecute more diligently except that it was overlooked by counsel, plaintiff's own neglect stands wholly unexplained; that it devolves upon a plaintiff who brings an action to follow it up diligently and a defendant who has not induced, or caused, or contributed to the delay should not be held responsible for it; and that, if plaintiff fail in the diligent prosecution of an action, the consequences are the same as if no action had been begun.

In Robinson v. Sample, 242 Mich. 548, 219 N.W. 661, it was said that it can hardly be said that courts should totally disregard a defendant's right to assert the defense afforded by the statute of limitations since it is only fair to presume that the lapse of time may have rendered it all the more important, and even necessary, that the defendant should have the protection of the statute.

In Hoad v. Spier, 298 Mich. 462, 299 N. W. 146, the court considered a statute providing that all causes in which no action had been taken for more than one year shall be dismissed unless cause be then and there shown to the contrary. The court observed that the order of dismissal cannot be vacated or otherwise disturbed unless it appears with reasonable certainty that the judge entering the order was guilty of an abuse of discretion, and the abuse ought to be so plain that on consideration of the facts on which the judge acted, an unprejudiced person can say that there was no justification or excuse for the ruling made.

See also St. Ferdinand Sewer District v. Turner, Mo.App., 208 S.W.2d 85.

We are of opinion that nothing in the record now before us indicates that the court abused its discretion in dismissing the bill. In the absence of a showing of abuse we presume that the court's action was correct.

Affirmed.

MERRILL, HARWOOD, McCALL, and SOMERVILLE, JJ., concur.

HEFLIN, C. J., BLOODWORTH and MADDOX, JJ., and LAWSON, Supernumerary Justice, dissent.

HEFLIN, Chief Justice (dissenting):

On October 27, 1970, less than three months after the bill of complaint was filed, respondent-appellee filed a motion "to strike the bill of complaint in this cause on account of discontinuance of the same" and assigned the following for grounds of said motion:

"1. For that complainant caused this action to be submitted on this respondent's demurrers and invoked a ruling by the court thereon without having had service of process of the summons in this cause upon respondent Pyramid Development Company Inc., a corporation, the contractor to whom complainant had furnished material for the building or improvements on this respondent's property.

"2. For that complainant caused this action to be submitted on demurrers of this respondent and invoked a ruling of the court thereon without first having served the contractor, respondent Pyramid Development Company Inc., a corpo-

ration, with summons and thereby deprived this respondent of its right to have said Pyramid Development Company Inc., a corporation, defend this suit at its own expense.

"3. For that complainant caused this action to be submitted on demurrers of this respondent and invoked a ruling of the court thereon without first having served the contractor, respondent Pyramid Development Company Inc., a corporation, with summons and thereby deprived this respondent of its right to recover from the respondent Pyramid Development Company Inc., a corporation, of any amount which might have been recovered of this respondent and paid by it on motion in this cause on three (3) days' notice.

"4. For that complainant proceeded to a submission on this respondent's demurrer in this cause without first having before the court by proper summons and process the contractor, Pyramid Development Company Inc., a corporation, a necessary party to this suit."

Each of the above grounds in essence asserted that the case should be dismissed because the trial court's ruling on appellee's demurrer without service on the other respondent worked a discontinuance of the cause of action. None of the grounds are directed toward the failure of the complainant to exercise diligent measures to serve the contractor under Equity Rule 74. It could not since it was filed approximately three months after the suit was instituted. Said motion was granted on September 3, 1971.

This court has not been cited to, nor has research disclosed, any case in any jurisdiction which stands for the proposition that a ruling on a party's demurrer without service on a co-party works a discontinuance of the cause of action.

In Ex parte Doak, 188 Ala. 406, 66 So. 64, this court stated:

".  .  . [I]t is established with us that a discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure or omission to perform some precedent duty enjoined upon the actor by law."

There was certainly no positive act of the appellant upon which a discontinuance could be predicated; nor can I find any precedent duty placed upon the complainant by law which requires service on a co-respondent before a ruling may be made on the other respondent's demurrer.

Respondent-appellee contends that the discontinuance was properly granted because complainant failed to perform the duty imposed upon it by Title 33, Section 56, Code of Alabama, 1940. This section provides in pertinent part that:

"If the suit is by an employee of the contractor, or by any person who has furnished to him material for the building or improvement, the contractor shall be a necessary party defendant thereto .  .  ."

This section requires only that the contractor be a *necessary* party to the suit. Nowhere is it required that the contractor be served before a ruling can be made on the owner's demurrer.

Nor do I feel that the duty of the contractor in some instances to defend the suit at his own expense (see Title 33, Section 57, Code of Alabama, 1940) requires that the contractor be served before a ruling can be made on the owner's demurrer. See 100 A.L.R. 128.

The holding of the majority opinion creates a weapon in the hands of a served defendant when his co-defendants have not been served. After filing a demurrer such served defendant can request, under Equity Rule 60, a ruling on his demurrers and upon obtaining such a ruling, then could automatically have a discontinuance, upon motion. To prevent such from occurring the trial court would have to delay rulings on demurrers until after all defendants had been served. Thus, the wheels of the ad-

ministration of justice would halt and additional delay would be created by the operation of an unwieldy system.

The majority opinion is based, largely, on an application of Equity Rule 74 to the facts of this case. However, the motion for discontinuance does not mention Equity Rule 74. A reading of the motion for discontinuance, obviously, would not lead the complainant to believe that he had to defend against Equity Rule 74. No one raises the point concerning Equity Rule 74 in their briefs. If Equity Rule 74 had been raised, then the complainant would be entitled to show the measures, if any, that he had taken to bring in the defendant. Obviously, the motion for discontinuance does not call upon him to show such measures.

I respectfully dissent.

BLOODWORTH and MADDOX, JJ., and LAWSON, Supernumerary Justice, concur.