Levi W. Sholty

*v.*

Robert S. McIntyre, Admr.

*Filed at Springfield January 10, 1891.*

1. APPEAL—*within the time prescribed by statute.* Where a right to appeal is given by statute, a party desiring to avail himself of such right must do so in the mode and within the time the statute prescribes.

2. SAME—*appeal from Appellate Court—within what time.* Appeals from the Appellate to the Supreme Court must be prayed within twenty days after the rendition of final judgment. A motion for a rehearing will not affect this rule or suspend its operation.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of McLean county; the Hon. Owen T. Reeves, Judge, presiding.

Messrs. Kerrick, Lucas & Spencer, and Mr. Thomas F. Tipton, for the appellant:

The Appellate Court erred in dismissing the writ of error. As the case in the circuit court was a common law action, the right of appeal or writ of error existed independent of the statute, by virtue of the constitution. *Darling* v. *McDonald,* 101 Ill. 370.

Any person whose interests are affected may prosecute a writ of error. This includes not only parties to the record,

3—136 Ill.

but also privies who may be injured by the judgment. *Flour-noy* v. *Smith*, 4 Miss. 62; *Dupee* v. *Perry*, 19 Ala. 37; *Townsend* v. *Davis*, 1 Ga. 495; *Marr* v. *Hanna*, 7 J. J. Marsh. 643.

The word "appeal," as used in the statute, is used in the broad sense of the right to remove the cause.

Mr. I. N. PHILLIPS, for the appellee:

In proceedings authorized by statute, which are not according to the course of the common law, the mode of review pointed out by the statute, and no other, can be resorted to.

Per CURIAM: The appellee in this case moves to dismiss the appeal on the ground that said appeal was not prayed for within twenty days after the rendition by the Appellate Court of the judgment appealed from, and also on the ground that the judgment is one from which no appeal lies to this court. It appears from the record that on the 4th day of June, 1889, Henry C. Sholty, Levi W. Sholty and several others, who sued for the use of the Patrons' Mutual Fire and Lightning Insurance Company, recovered, in the Circuit Court of McLean county, a judgment against Robert S. McIntyre, administrator of the estate of Benjamin D. Sholty, deceased, for the sum of $2500 and costs, and that by writ of error sued out of the Appellate Court of the Third District, said judgment was removed into that court for review. Robert S. McIntyre, the plaintiff in error, appeared in the Appellate Court and moved to dismiss said writ of error, and thereupon Levi W. Sholty, one of the defendants in error, entered his motion, supported by affidavit, for leave to prosecute said writ of error in the name of said Robert S. McIntyre, administrator as aforesaid, and said court, upon the hearing of said motion and cross-motion, granted said motion to dismiss, and thereupon, on the 20th day of September, 1890, a judgment was entered by said court dismissing said writ of error at the costs of said Levi W. Sholty.

On the 18th day of October, 1890, said Sholty filed in said court his petition for a rehearing, and on the 25th of November, 1890, an order was entered by said court denying said petition. On the 2d day of December, 1890, said Sholty prayed for an appeal to this court from said order dismissing said writ of error, and on the day following said appeal was allowed, on condition that he file a certain appeal bond, which bond was duly filed within the time prescribed by the order allowing the appeal. It thus appears that the appeal was not prayed for until seventy-three days after the rendition of the judgment or order appealed from.

Where a right of appeal is given by statute, a party desiring to avail himself of such right must do so in the mode and within the time the statute prescribes. Section 90 of the Practice Act gives a right of appeal to this court from the final judgments of the Appellate Court in cases where the sum or value in controversy exceeds $1000, exclusive of costs, said section providing "that such appeal may be prayed for at any time within twenty days after the rendition of such judgment." We have held that by this proviso the time within which such appeal may be prayed is limited to said period of twenty days. *James* v. *Dexter*, 112 Ill. 489; *MacLachlan* v. *McLaughlin*, 126 id. 427.

But it is said that in this case a petition for a rehearing was filed within the time prescribed by the rules of the Appellate Court, and that the appeal was prayed for within twenty days after the entry of the order of the court denying said petition, the contention being that the twenty days should not be held to have commenced to run until the petition for a rehearing was disposed of. It is sufficient to say that the statute does not so provide, but is directly to the contrary, its terms being that the appeal must be prayed for within twenty days after the rendition of the judgment.

It is objected that the construction of the statute here indicated practically deprives a party desiring to appeal of his

right to apply for a rehearing to the court rendering the judgment. This is doubtless true, but such consequence will not justify us in disregarding the plain and unambiguous language which the Legislature has seen fit to employ. The date of the rendition of the judgment is in no way affected by the subsequent filing of a petition for a rehearing, nor is the judgment itself thereby set aside, superseded or rendered, during the pendency of the petition, merely interlocutory. The judgment is final, and in the absence of a stay order, the application for a rehearing presents no obstacle to its immediate execution, and the party in whose favor it is rendered may, unless restrained from so doing by a stay order, sue out the proper writ and have his judgment enforced, notwithstanding the pendency of the petition.

It should be remembered that the right to apply for a rehearing is not a right given by the statute or by any rule of the common law, but is a mere matter of grace or favor. The practice of entertaining such petitions is based largely if not wholly upon the willingness and even the desire of the court, in case it has inadvertently made an erroneous ruling, to have such ruling brought to its attention so as to be corrected while the record is still under its control. The denial of the right to file such petition is therefore a matter of which the defeated party has no right to complain. Especially is this so where the law furnishes him with a remedy by appeal to another court having power to review the record and correct any errors which may have intervened.

The statute giving an appeal to this court from the Appellate Court does not seem to have contemplated any such proceeding as a petition for a rehearing, after the final judgment is rendered, and therefore made no provision for a practice of that character. If therefore the defeated party desires to apply to the Appellate Court for a correction of the errors in its judgment by rehearing, he must do so subject to such regulations in respect to an appeal as the statute has made. He is

in effect put to his election to either apply for a rehearing or to appeal, but he clearly can not have both remedies, unless he can have his petition for a rehearing presented and decided before the time for taking an appeal has elapsed.

The appeal in this case not having been prayed for within twenty days after the rendition of the judgment was improvidently allowed, and the motion to dismiss the appeal must therefore be sustained. Leave however will be given to the appellant, if he so desires, to make use of the record now on file as a return to a writ of error.

As what we have said disposes of the case so far as the present proceeding is concerned, we need not consider the other question presented by the motion to dismiss, viz, whether the case is one in which an appeal would lie to this court.

*Appeal dismissed.*