Per Curiam.
This matter comes before the court on motion to dismiss the appeal very much out of the usual course and according to a practice which has seldom been resorted to in the state. The procedure commends itself to our judgment. That the practice may be thoroughly settled, we are inclined to express our views respecting it.
This was a proceeding in forcible entry and detainer, wherein the county court rendered a judgment and decree on the 18th day of November, 1895. The defendants filed a motion for a new trial, and, on the date of the entry of the judgment, the court ordered the execution to be stayed pending the determination of the motion. On the 17th of December following, this motion was overruled, an appeal prayed to this court and the bond fixed, which was given. Had the judgment been entered on the 17th of December and the appeal then regularly taken, the case would not be returnable until the April term. The appellants proceed on the hypothesis that their record is due in April, and have taken no further steps with reference to bringing the case into this court. *473 The appellee conceiving the appeal not to have been regularly taken under the statute, nor any rights acquired by what the appellants did, tendered a transcript of the judgment with all the orders and proceedings in the case, and thereupon filed a motion based on that record to dismiss the appeal. The appellants resist because the motion was made before the return day, and also because of the alleged effect of the order respecting the stay of the execution.
We do not think either position tenable. There seems to be no speedy or adequate remedy for the appellee in cases of this description, unless he is permitted to file a record in the appellate tribunal and therein attack the regularity of the proceedings and dismiss the appeal, if it has been improperly or insufficiently taken or perfected. No other court has jurisdiction. The lower courts always refuse to interfere by ordering process to issue, and any other procedure will, as in this case, frequently result in tying a case up without right for several months. This may be to the very great prejudice and injury of the party who has sncceded in recovering a judgment. The practice suggested has been very generally followed of late years in the supreme court of the United States, and, as we are advised, though there has been no opinion promulgated respecting it, has been sanctioned by the supreme court of this state. Ex parte Russell, 13 Wall. 664; Thomas & Co. v. Wooldridge, 23 Wall. 283; Clark v. Hancock, 94 U. S. 493.
The contention respecting the effect of the order which stayed the execution is without force. The record shows the judgment was actually entered on the 18th day of November. The order in no wise affected it, set it aside, or vacated it, but left it to stand with a limitation respecting the enforcement of the judgment by means of an execution. It would have been quite as easy to have stayed the entry of judgment pending the motion for a new trial, whereby the appellants’ rights would have been preserved and the appeal would then have dated from the final entry. The necessity to pray an appeal within the five days prescribed by the stat *474 nte has been often recognized by the appellate courts, and if a party fails to proceed according to this statutory requirement, he cannot preserve to himself the right to have a review of his cause on appeal.
The motion for leave to file the transcript will therefore be granted and the appeal will be dismissed.

Dismissed.