## [No. 1231.]
### BURCHINELL, AS SHERIFF, v. BENNETT ET AL., EXECUTORS.

PRACTICE—APPEALS.

A trial was had before the court and judgment entered November 14, afterwards a motion for new trial was filed which was not heard till December 17, at which time the court required a remittitur of part of the judgment, which was done and the motion for new trial denied. Defendant then prayed an appeal. The appeal was not prayed for in apt time. The action of the court on the motion for new trial did not result in the vacation of the judgment, and the remittitur in no wise affected it so as to revive the right of appeal which had been lost by entry of judgment and the failure to take requisite steps.

*Appeal from the District Court of Arapahoe County.*

Mr. JOSEPH N. BAXTER and Mr. JNO. C. FITMAN, for appellant.

Mr. S. L. CARPENTER, for appellee.

BISSELL, J., delivered the opinion of the court.

This action was brought by Mrs. Donnelly against Burchinell, the sheriff, to recover certain goods on which he had levied and which she claimed under a chattel mortgage given by the San Francisco Tea Company, who were her debtors when the security was executed. The contest of course was between the attaching creditor and the plaintiff, and the question litigated was the good faith of the transaction; the attaching creditor predicating his right principally on the invalidity of the security, both as respects its form and as respects the circumstances of its execution and delivery. The case was tried to the court without a jury and on the completion of the evidence the court took it under advisement and ultimately on the 14, of November, entered a judgment for the plaintiff thereby sustaining the legality of the instrument and the good faith of the transaction. Formal judgment was entered, and afterwards a motion for a new trial was filed which was not heard or determined until the 17, of December following. On that date the court directed the plaintiff to remit about $140 and in default of such remittitur stated that the judgment would be set aside. Time was given for the consideration of the matter and the plaintiff ultimately remitted the sum which the court suggested and the motion for a new trial was denied, and the defendant then prayed an appeal to this court. The case was brought here, and afterwards the appellee made a motion to dismiss the appeal because it was not prayed in time under the statute. The motion was not decided, but the parties were directed to present it on final hearing, and both sides have in their briefs discussed the question. We are clearly of the opinion that the appeal cannot be maintained

because it was not prayed in apt time. The law is well settled that there must be a strict compliance with the statute to preserve appellate rights. *Hamill et al. v. The Bank of Clear Creek County*, 7 Colo. App. 472.

It is equally clear that the action which the court took with reference to the motion for a new trial did not result in the vacation of the judgment, and the remittitur in no wise affected it so as to revive the right of appeal which had been lost by the entry of judgment, and the failure to take the requisite statutory steps. This doctrine is clearly recognized by the supreme court of the United States, in *Planters' Bank v. Union Bank*, 16 Wall. 483. In that case the effect of a remittitur is discussed, and while it is conceded that if the judgment is permitted to stand the remittitur has the effect of a retraxit, such is not the case if the judgment is subsequently vacated. Under those circumstances the party would no longer be bound by his remission. It therefore follows in this case that the remission of the sum required by the court under a motion for a new trial in no manner affected the judgment theretofore entered, but it simply operated as a limitation which bound the parties as to the amount of the judgment, and operated conclusively thereafter to estop the plaintiff from recovering any more than the amount of the judgment less the sum remitted.

Under these circumstances, the appeal must be dismissed, but we are required by the statute to have the clerk docket it on error, which is accordingly done.

*Appeal dismissed.*