# W. H. Bennett, Appellee, v. Myer Karasik. A. E. Levy, Appellant.

## Gen. No. 5,386.

1. DISMISSALS—*when presumption of propriety indulged.* A dismissal made by a court of general jurisdiction will be presumed to have been predicated upon sufficient grounds where the record does not show the grounds acted upon.

2. APPEALS AND ERRORS—*effect of failure to file bond in apt time.* If an appeal bond is not filed within the time prescribed by statute, neither the regularity of the proceedings nor the jurisdiction of the lower court can be inquired into and the appeal cannot be considered but must be dismissed.

3. Appeals and errors—*when denial of leave to file new bond proper.* If the original bond was not filed within the time prescribed by statute the court is without jurisdiction to permit the filing of a second bond.

4. Justices of the peace—*what not order of judgment.* An entry as follows: ''Case called and above judgment rendered'' is not a judgment and if entered in a cause in which a proper judgment has been previously rendered is a nullity; a justice has not power to enter a second judgment nor to vacate the first judgment entered by him.

5. Jurisdiction—*how submission to, must be established.* If a party relies upon a waiver to the question of jurisdiction upon failure to file an appeal bond in apt time he must show by the bill of exceptions that some step was taken prior to the motion to dismiss which effected such waiver.

Action commenced before justice of the peace. Appeal from the Circuit Court of Kankakee county; the Hon. Charles B. Campbell, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 13, 1911.

Nathan D. Kaplan and Cooper & Hobbie, for appellant.

E. P. Harney, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Bennett sued Karasik in attachment before a justice of the peace and garnished F. C. Brown & Co. Karasik was served by publication. The garnishees answered that they owed Karasik $200. There were continuances and a change of venue, and a trial on February 8, 1909, at which Bennett and the garnishees appeared, and A. R. Levy intervened and claimed the money garnished in the hands of Brown & Co. There was a judgment on that date that Karasik for the use of Bennett recover of Brown & Co. $200 and costs. Afterwards Levy filed an appeal bond with the clerk of the circuit court, who approved the same. The circuit court dismissed the appeal, and Levy prosecutes this appeal from that judgment.

The bill of exceptions shows that Bennett moved to

dismiss the appeal, and that the circuit court granted the motion, and that Levy excepted. It does not set forth what showing was made in support of or against the motion to dismiss the appeal. It must therefore be presumed, in support of the judgment of the circuit court, that the showing made authorized and required the circuit court to dismiss Levy's appeal. This disposes of the case. We, however, find in the record an adequate reason for dismissing the appeal. As already stated, the judgment before the justice was entered on February 8, 1909. The appeal bond of Levy was dated and filed in the circuit court and approved, on March 3, 1909, more than twenty days after the date of the judgment. The statute requires the party desiring to take an appeal from the judgment of a justice of the peace to file a bond either in the office of the justice of the peace rendering the judgment or with the clerk of the court to which the appeal is taken and secure its approval within twenty days from the rendition of the judgment. Statutes limiting the time for taking the appeal are mandatory and jurisdictional, and if the appeal is not taken within the statutory period, neither the regularity of the proceedings nor the jurisdiction of the lower court can be inquired into, and the appeal cannot be considered, but must be dismissed. 4 Ency. P. & P. 115, title, "Appeal;" Sholty v. McIntyre, 136 Ill. 33; Vickers v. Tyndall, 168 Ill. 616. The judgment of February 8, 1909, may have been irregular as to Karasik, but it disposed of the fund in the hands of Brown & Co. adversely to Levy, the interpleader.

Levy's appeal bond from the judgment of the justice recited that the judgment was rendered on February 15, 1909. The bond was filed within twenty days after that date. He contends that the judgment was on February 15th instead of February 8th. After the entry in full detail of the judgment on February 8th,

occurs the following entry: "1909 Feb. 8th. 1 o'clock
P. M. case continued to February 15th, 1 o'clock P. M.
1909. 1909 Feb. 15th. 1 o'clock P. M. case called and
above judgment rendered." The entry on February
15th, "Case called and above judgment rendered"
was not a judgment, and had none of the qualities of a
judgment, as we hold on the authority of Fitzsimmons
v. Munch, 74 Ill. App. 259, and the cases there cited; to
which may be added, Meyer v. Village of Teutopolis,
131 Ill. 552; Metzger v. Wooldridge, 183 Ill. 174; Metz-
ger v. Morley, 184 Ill. 81; City of Alton v. Heidrick,
248 Ill. 76. The justice had no power to enter a second
judgment, nor to vacate his first judgment, a week after
it was entered, and such a reference to the former judg-
ment did not incorporate it into the latter entry. The
only judgment which the justice rendered was on Feb-
ruary 8th. Levy did not appeal therefrom within
twenty days. His filing an appeal bond on the 23rd
day thereafter was unauthorized and did not give the
circuit court jurisdiction. The bill of exceptions shows
that Levy asked leave to file a new appeal bond in the
circuit court, and the court denied that motion. If an
imperfect appeal bond had been filed and approved
within the twenty days, Levy would have had a right
to afterwards cure its imperfections by filing another,
but his failure to take an appeal within the time fixed
by law could not afterwards be cured by a new appeal
bond. But appellant contends that Bennett had entered
a general appearance in the circuit court before he
moved to dismiss the appeal, and that thereby he gave
the court jurisdiction of the case, notwithstanding the
appeal bond had not been filed within twenty days after
the judgment. This position is not sustained by the
bill of exceptions, which shows than on February 1,
1910, Bennett entered his motion to dismiss the appeal;
that on February 16th Bennett entered a motion to
strike the appearance of Karasik from the files, and

Levy entered a motion for leave to file a new appeal bond; and that on February 21st Levy's motion was denied, the appearance of Karasik was stricken from the files, and the motion to dismiss the appeal was allowed. Therefore, according to the bill of exceptions, Bennett's first action in court was his motion to dismiss the appeal; and we cannot hold that he waived his motion to dismiss the appeal by afterwards moving to strike the appearance of Karasik from the files. Appellant relies upon the record written by the clerk to show that Bennett had already appeared generally. That record recites that on January 31, 1910, the parties came by their attorneys and the jury was called and evidence heard, and that on the next day, February 1st, the parties came by their attorneys, and the jury came, and the court discharged the jury. This record does not recite what parties came, nor what attorneys. We are of opinion that if Levy desired to show that Bennett had taken some affirmative action before he moved to dismiss the appeal by which he waived the failure to file an appeal bond within twenty days and submitted himself generally to the jurisdiction of the court, it should have been made to appear in the bill of exceptions. The judgment is therefore affirmed.

*Affirmed.*