On Motion to Dismiss, argued May 29, decided June 11, 1912.

## GEARIN v. PORTLAND RY. LIGHT & POWER CO.

[124 Pac. 256.]

APPEAL AND ERROR—TIME FOR APPEAL—EFFECT OF MOTION FOR NEW TRIAL.

Under Section 550, L. O. L., requiring notice of appeal from a judgment to be served and filed within six months from entry of the judgment appealed from, an appeal from a judgment entered March 8th must be dismissed on motion, where notice was not served until December 27th, though appellant's motion for new trial was not overruled until November 17th.

From Multnomah:   JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Hugh C. Gearin and Walter J. Gearin, partners, against the Portland Railway Light & Power Company, a corporation.   The facts upon which respondent's motion to dismiss the appeal is based, are as follows:

On March 8, 1910, the jury, in the trial of this action, in the circuit court, returned a verdict for the defendant, upon which judgment was rendered the same day.   On March 18, 1910, whether by leave of court or otherwise does not appear, the plaintiff filed a motion for new trial on the ground of:   (1) Irregularity in the procedure of the court in calling the jury into the courtroom, and instructing them as to the law, in the absence of and without notice to counsel for either party; (2) insufficiency of the evidence to justify the verdict, and that it is against law; (3) error in instructing the jury as to the law in manner excepted to by the plaintiffs; and (4) error in law in the refusal of the court to instruct the jury as requested by the plaintiffs.   Whether the motion was continued for want of time to hear it does not appear; but at a subsequent term, to wit, on July 2, 1910, it was argued and taken under advisement, and at a still later term of the court, on November 17, 1910, was overruled. On December 27, 1910, the plaintiffs served a paper,

whereby the defendant was notified that the plaintiffs appealed "from the judgment entered on the 8th day of March, 1910, and to set aside which judgment and for new trial a motion was filed in the above-entitled action in the above-entitled court on March 18, 1910, which motion was not decided by the said court until November 17, 1910, when the court denied said motion and refused plaintiffs a new trial." The undertaking for appeal was filed on the same day, and the transcript was lodged in this court January 18, 1911. The defendant moved to dismiss the appeal, for the reason that it appears from the record that the appeal had not been taken within the time and in the manner required by law, "particularly in this: That said appeal has not been taken within six months from the date of the entry of the judgment appealed from, to wit, within six months from March 8, 1910, but that, on the contrary, said appeal was not taken or perfected until December 27, 1910." DISMISSED.

*Mr. F. J. Lonergan* for the motion.

*Mr. John M. Gearin, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The chapter on appeals opens with Section 548, L.O.L.:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree."

Section 550, L. O. L., prescribes that "an appeal shall be taken and perfected in the manner prescribed in this section, and not otherwise * *"

After providing for giving oral notice at the time of the rendition of the judgment or afterwards by a writing,

that within ten days from giving or serving notice of appeal the appellant shall cause an undertaking to be served upon the adverse party, and for filing the same with the clerk, and that within five days after notice the adverse party shall except to the sufficiency of the sureties in the undertaking, or shall be deemed to have waived his right thereto, subdivisions 4 and 5 of that section read thus:

(4) "From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof, if excepted to, the appeal shall be deemed perfected. * *"

(5) "An appeal to the Supreme Court, if not taken at the time of the rendition of the judgment or decree appealed from, shall be taken by serving and filing the notice of appeal within six months from the entry of the judgment, order, or decree appealed from, * * and not otherwise."

Prior to the act of February 25, 1907, a motion for new trial was filed within one day after the giving of a verdict or other decision sought to be set aside. Section 175, B. & C. Comp. The filing of a motion for new trial within the time prescribed *ipso facto* delayed the entry of judgment until the motion should be disposed of. Section 201, B. & C. Comp. Under the former practice, therefore, the order of procedure was first the verdict, then the motion for new trial, and after that the judgment. The act of February 25, 1907, changed this, so that now we have the judgment and next a motion for new trial, to be filed within one day after the judgment, or such further time as the court may allow. Section 175, L. O. L.

In the new procedure devised in 1907, the legislative assembly omitted all the former provision about delaying the entry of judgment until the disposition of the motion for new trial. There is nothing in the new statute giving any effect to such a motion as a suspension of the

judgment or stay of proceedings or extension of the time in which an appeal may be taken; yet the essence of the contention for the plaintiffs (appellants here) is that the statute must be construed as if all such terms were therein expressed. They argue that they had the right to file a motion for new trial; that until that attack upon the judgment is defeated, or successful, they cannot know whether the judgment is to be final or not, because it is possible that the court pronouncing it may set it aside. Having arrived at this point in the discussion, founded on their want of prescience, they further urge that on account of this possibility the judgment entered is not a final order, and there can be none in the case, so long as the motion for new trial is pending. It must be conceded that if no motion for new trial has been filed the decision of the circuit court, entered of record March 8, 1910, to the effect that plaintiffs take nothing by this action, would have been and remained, so far as that court was concerned, the final determination of the rights of the parties in dispute. The law has not given to any litigant the authority to change the quality of that decision by any act of his own. It would be an anomaly if, in the absence of present legislation and the repeal of the former enactment on that subject, a suitor, by a motion which he might file, or not, in his discretion, should possess the power to change or suspend the quality of a decision of a judicial tribunal.

The recorded proceeding of the court, of March 8, 1910, was a judgment. It cannot, in the nature of things, be anything else. In that name alone it is appealable, without reference to other court transactions, enumerated as judgments in Section 548, L. O. L. It is the one act of the court, above all others, from which an appeal can be had; and whenever such a proceeding is undertaken it must be pursued in the manner and at the time prescribed

by the statute. In plain and mandatory terms, the law reads that "an appeal to the Supreme Court, if not taken at the time of the rendition of the judgment or decree appealed from, shall be taken by serving and filing the notice of appeal within six months from the entry of the judgment, order, or decree appealed from, * * and not otherwise." There was but one time when the judgment appealed from was entered, viz., on March 8, 1910, and on that date, and no other, the six months began to run; for the words of the statute must be taken in their ordinary and natural import. The difficulty has arisen from the fact that the work of remodeling the civil procedure stopped, as far as appeals are concerned, with denominating what should be artificially deemed judgments. The remainder of the former scheme of appeals was left intact, and the doctrine of *stare decisis,* if no other reason were assigned, would prevent us from changing the practice as declared, under the same statute, in many judicial utterances.

The act of February 21, 1911 (Laws of Oregon 1911, p. 195), is in effect a legislative construction in harmony with this view; for the legislature by that statute undertook to validate such appeals as this, but in an unconstitutional manner, as pointed out in *McCartney* v. *Shipherd,* 60 Or. 33 (117 Pac. 814), and added the proviso that "nothing herein contained shall be deemed to authorize any appeal to be hereafter taken to the Supreme Court from any judgment of any circuit court granting or denying a motion to set aside the verdict and for a new trial unless such appeal be taken within six months from the date of the original entry of judgment." This view, although not conclusive, is of great moment in construing the earlier statute of 1907. The legislative assembly must have construed appeals of the kind under consideration as unavailing in the first instance, or it would not have

undertaken to validate them, especially with the proviso quoted.

Counsel suggests a paradoxical situation, which might present itself if an aggrieved party, tired of waiting for a circuit court decision of his motion, should appeal from the judgment, succeeding which the circuit court should sustain the motion and this court affirm the judgment. We are not required to, and do not, decide a question not involved in the record before us; but it is suggested that if, within thirty days after the appeal is perfected, the transcript is filed here, as laid down in Section 554, L. O. L., this court would acquire a jurisdiction which might prevail in case of conflict with that so asserted by the circuit court. The illustration so ably pressed upon our attention might be persuasive, if addressed to a law-making body, actuated by a purpose to prolong litigation, but that is not the situation here. In brief, the statute declaring the time within which an appeal can be taken has not been altered from the form in which it has existed for more than forty years; and we cannot by judicial construction change it, or the practice which has become so well settled under it. That task must be left to the law-making power.

In the present case all the errors complained of in the motion for new trial were available to plaintiffs on appeal by means of a bill of exceptions; and if they chose to experiment with the circuit court they cannot thereby prolong the time within which, if they would, they must come to this court.

It is not practical, within the limits of an ordinary opinion, to analyze or distinguish all the precedents arising under as many different statutes as there are states in the union, and we here note only the following: *Railroad Co.* v. *Doane*, 105 Ind. 92 (4 N. E. 419), was decided under a statute which contains a proviso "that if a motion for

new trial shall be filed in a cause in which such decision so excepted to is assigned as a reason for a new trial, such motion shall carry such decision forward to the time of ruling on such motion." Ind. Rev. St. 1881, Section 626. Under such conditions, the judgment or decision would, of course, become appealable only from the date of the decision of the motion. In *Louisville Chemical Works* v. *Commonwealth,* 8 Bush. (Ky.) 179, cited by plaintiffs, occurs this language:

"No appeal can be taken by either party, plaintiff or defendant, to this court from the judgment of an inferior court in a case like this, without first making a motion for a new trial in the court where the error complained of occurred. Upon the hearing of the motion, if overruled, the party complaining files his bill of evidence, and is then in condition to bring his case to this court, and not before."

In the case at bar the motion for a new trial was not a condition precedent to an appeal. It could have been taken without filing the motion, relying upon the bill of exceptions to disclose the errors complained of: *State ex rel.* v. *Chapman,* 35 Wash. 64 (76 Pac. 525), relied upon by plaintiffs, is based upon a statute, quoted in the opinion, providing "that if a motion for new trial shall be filed execution shall not be issued upon the judgment until said motion shall be determined." Plaintiffs count much upon decisions of the United States Supreme Court, like *Brockett* v. *Brockett,* 2 How. (U. S.) 238 (11 L. Ed. 251), holding, in substance, that no appeal would lie until the motion for new trial was decided. That case also depends upon Section 987, 3 Fed. Stat. Ann. 45 (U. S. Comp. St. 1901, p. 708), as follows:

"When a circuit court enters judgment in a civil action either upon a verdict or on a finding of the court upon the facts, in cases where such finding is allowed, execution may on motion of either party at the discretion of the court and on such conditions for the security of the

adverse party as it may judge proper be stayed forty-two days from the time of entering judgment to give time to file in the clerk's office of said court a petition for a new trial. If such petition is filed within said term of forty-two days with a certificate thereon from any judge of such court that he allows it to be filed, which certificate he may make or refuse at his discretion, execution shall of course be further stayed until the next session of the said court. If a new trial be granted the former judgment shall be thereby rendered void."

The motion, having been filed there by permission, operates as a stay until its decision.

There are, indeed, precedents, under statutes very similar to our own, holding that the judgment is not appealable until the final disposition of the motion; but their reasoning seems to be largely legislative, rather than judicial, and does not appeal to us as controlling. As opposed to them, the following cases are noted: *Sholty* v. *McIntyre*, 136 Ill. 33 (26 N. E. 655) ; *Doorley* v. *Manufacturing Co.*, 5 Okl. 594 (49 Pac. 936) ; *Burchinell* v. *Bennett*, 10 Colo. App. 150 (50 Pac. 206) ; *Hill* v. *Hill*, 114 Mich. 599 (72 N. W. 597) ; *Cooper* v. *Yoakum*, 91 Tex. 391 (43 S. W. 871) ; *Manes* v. *Hoss*, 28 Okl. 489 (114 Pac. 698).

Adhering to our former ruling on this question in *McCartney* v. *Shipherd*, 60 Or. 133 (117 Pac. 814), which plaintiffs admit is adverse to their contention, the appeal is dismissed.                                                        Dismissed.