## Ajax-Grieb Rubber Company, Appellant, v. W. A. Gray, Appellee.

## Gen. No. 5,711.

1. CORPORATIONS—*foreign.* A foreign corporation which carries no stock of goods and fills no orders in this state, but sells and ships its goods from its main office in another state, is not doing business within this state under the terms of the statute requiring foreign corporations to obtain a license.

2. APPEALS AND ERRORS—*final judgment.* A judgment for defendant on demurrer to a replication, not providing that plaintiff "take nothing by this suit" or that "defendant go hence without day," is not a final judgment, and an appeal therefrom will be dismissed.

Appeal from the County Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1912. Dismissed. Opinion filed March 12, 1913.

KIRK & SHURTLEFF, for appellant.

CHARLES C. DUTCH, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellant sued appellee in the County Court of Peoria county for goods, wares and merchandise sold and delivered. Appellee filed a plea, (whether it was in proper form is not argued, and we do not determine it,) the body of which was that appellant was a nonresident foreign corporation, chartered under the laws of New Jersey, and had not complied with the statute of the state of Illinois, nor obtained a certificate from the secretary of state of Illinois, authorizing it to do business in Illinois; that when the several promises averred in the declaration were made, appellant maintained a branch office in Chicago, and that from said branch office its agents traveled throughout the state soliciting and taking orders for merchandise, which

orders were forwarded to such branch office for approval or rejection, and that the orders given by appellee here sued on were contracted with the agent of appellant under the direction of said Chicago office, and were by said agent forwarded to said Chicago office and there approved, and that therefore appellant could not maintain this action under the provision of the statutes of Illinois, forbidding a foreign corporation to do business in this state without filing certain papers and obtaining a certain license from the secretary of state, and denying to foreign corporations doing business in this state, the right to bring an action in the courts of this state, without complying with said statute. Appellant filed an amended replication to this plea, and the record of the court recites that the court sustained the demurrer thereto, and appellant elected to abide by his amended replication, and judgment was rendered in favor of appellee against appellant for costs. This is an appeal from that judgment. The record is certified to be the whole of the original record in the case. The record is exceedingly defective, and the judgment is not a final judgment. It should have been that the plaintiff take nothing by this suit, and that defendant go hence without day. People v. Board of Education Dist. No. 24, 236 Ill. 154; Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill. 200; Seghetti v. B. F. Barry Coal Co., 164 Ill. App. 488. Under these decisions we must dismiss this appeal, but as other questions have been argued, we think it best to indicate our views upon them. The record is also defective in that though certified to be complete, there is no demurrer, and we have no means of knowing whether it was general or special. The replication is, on its face, double, and a special demurrer for duplicity would have been good. The main body of the replication admits all of the allegations as to its being a foreign corporation, and not having complied with the statute at the time these contracts were made. It admits appellant maintained a branch office in Chicago

and that its agents traveled therefrom throughout this state soliciting and taking orders for merchandise. It denied that such orders when taken were forwarded to said branch office in Chicago for approval or rejection. It alleged appellant carried no goods in stock in Illinois, filled no orders in Illinois, and shipped no goods from within Illinois, and that no one in said Chicago branch office had authority to receive or approve orders solicited and received in Illinois, nor did anyone there receive and approve and fill or ship orders. It is alleged that the agent in question traveled out under the direction of the New York office of appellant, and that appellant also corresponded with appellee from its New York office, and that these contracts with appellee were made at its New York office, and that orders taken by said agent were not forwarded by said agent to the Chicago office and there approved, but were forwarded to the New York office for approval, and that said orders were received by appellant, and accepted and approved at the New York office, and that all goods sold and delivered by appellant to appellee were shipped into the state of Illinois to appellee from without the state of Illinois, and that these are the contracts upon which it sued.

Under the principles stated and authorities discussed by us in Havens & Geddes Co. v. Diamond, 93 Ill. App. 557, this is not a doing business within the state of Illinois. There has been a change in the statute since the suit in which that decision was rendered, but the change is not material to this question. It is clear, a general demurrer to said replication, if one was interposed, should have been overruled, and whether it should be carried back to the plea we leave for further determination. There is no final judgment in the court below and the parties can, if they see fit, adjust their pleadings in accordance with the views herein expressed. Appeal dismissed.

*Dismissed.*