Town of Magnolia, Appellant, v. Mark Kays, Appellee.

Gen. No. 6,169.

JUDGMENT, 175*—*what is valid form of judgment for defendant after verdict in ordinary common-law action.* The valid form of a judgment for defendant after verdict in an ordinary common-law action is that it is considered by the court that the plaintiff take nothing by his suit and that defendant go hence without day, or other equivalent words, with a judgment for costs and execution therefor.

Appeal from the County Court of Putnam county; the Hon. IRVING E. BROADDUS, Judge, presiding. Heard in this court at the October term, 1915. Appeal dismissed. Opinion filed February 8, 1916.

GEORGE W. HUNT, for appellant.

HENRY E. JACOBS and JAMES E. TAYLOR, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this suit by the Town of Magnolia against Mark Kays in the County Court of Putnam county to recover a penalty for the obstruction of an alleged private road, the jury found the defendant not guilty and, after the denial of a motion for a new trial, the court entered

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the following judgment: "Judgment on verdict and against plaintiff. And this cause having been instituted at the relation and upon the complaint of Amos B. Wilson and said Amos B. Wilson having entered himself as surety for costs herein, it is adjudged that said Amos B. Wilson as such surety, pay the costs of this suit." The Town and Wilson gave a bond upon an appeal to this court.

Is the above a valid and final judgment? We have had occasion to discuss unusual forms of judgments for plaintiffs and for defendants on pleadings, and the conclusions we reached in those cases and the authorities relied upon are sufficiently set forth in *Bennett v. Karasik,* 164 Ill. App. 362; *Ajax-Grieb Rubber Co. v. Gray,* 179 Ill. App. 377; and *People v. Johnson,* 179 Ill. App. 467. Those authorities do not necessarily apply to the present question, which is, what is the proper form for a judgment for a defendant upon a verdict in his favor? Cooley's Blackstone, book 3, page 399, says that the form is that the defendant go thereof without day, *eat inde sine die,* that is, without any further continuance or adjournment, the King's writ commanding his attendance being now fully satisfied. In an appendix to said book 3 are forms of law records, including judgments for defendants that plaintiff take nothing by his writ and that defendant go thereof without day, and the like. 1 Bouvier's Law Dictionary (4th Ed.) title "Judgment," says that the language of such a judgment is that it is considered by the court that the defendant do go without day, and, under the same title in another place, that, where an issue arises upon a declaration or a peremptory plea and this is decided in favor of the defendant, the judgment is that plaintiff take nothing by his writ and that the defendant go thereof without day. The late edition of the same work states the same thing in somewhat different language. 1 Black on Judgments, sec. 14, says that

if the verdict is for the defendant upon the merits, the judgment is *nil capiat per breve* or *per billam,* that is, that the plaintiff take nothing by his writ or declaration. In 12 Am. & Eng. Encyc. of Law (1st Ed.) page 61, the same form is announced. The second edition of the same work does not give the form in such a case, but refers to 11 Encyc. of Pl. & Pr. 925, where the technical language of such a judgment for defendant is said to be: "It is considered by the court that the plaintiff take nothing by his writ and that the defendant go hence without day." In 23 Cyc. 670, it is said that where issues of fact have been found by a jury for defendant, the judgment should be that plaintiff take nothing by his writ or declaration. To the same effect is Puterbaugh's Common Law Pleading and Practice (8th Ed.) 895. In *Boggess v. Cox,* 48 Mo. 278, the approved form was said to be: "It is by the court considered and adjudged that plaintiff take nothing by his writ and that defendant go thereof without day and recover of the plaintiff his costs." In *People v. Severson,* 113 Ill. App. 496, where many authorities are discussed, it is held that the form of a final judgment for defendant on verdict is that it is considered that the plaintiff take nothing by his suit and that the defendant go thereof without day. In *Lee v. Yanaway,* 52 Ill. App. 23, it was held that the question whether a judgment was final is not to be determined from the mere fact that costs and execution thereof are adjudged against one of the parties, that costs are an incident to a final judgment, but that whether the judgment is final or interlocutory is to be determined from other considerations; that it must, to be final, terminate and completely dispose of the action. Similar language is used in *Wenom v. Fossick,* 213 Ill. 70, though the judgment there involved was on demurrer. A judgment for costs may be entered when no final judgment between the parties has been reached. In some of the authorities we have above cited there are expressions indicat-

ing that a judgment for costs for defendant makes the judgment final. There are authorities in other jurisdictions to that effect. Best's Encyc. of Common Law Orders gives many forms which only give the defendant a judgment for costs after verdict in his favor. Notwithstanding the authorities last mentioned, we are of opinion that in this State the valid form of a judgment for defendant after verdict in an ordinary common-law action is that it is considered by the court that the plaintiff take nothing by his suit and that defendant go hence without day, or other equivalent words, with a judgment for costs and execution therefor.

It follows that no final judgment has been entered in this case. The appeal must therefore be dismissed with leave to appellant to withdraw record, abstracts and its briefs.

*Appeal dismissed.*