On motion to dismiss appeal, allowed April 25, 1916.

## TUCKER v. DAVIDSON.

(156 Pac. 1037.)

**Appeal and Error—Notice of Appeal—Time—Statute.**

1. Under Session Laws of 1913, page 617, an appeal must be taken within 60 days from the entry of the judgment, notwithstanding any motion for a new trial that may be made.

**New Trial—Overruling Motion.**

2. A motion for a new trial was overruled by operation of law when not passed on by the court before the expiration of the term.

From Multnomah: JOHN P. KAVANAUGH, Judge.

This is an action by G. F. Tucker against I. G. Davidson, in which plaintiff recovered judgment and defendant appeals. Respondent moves to dismiss the appeal.                    APPEAL DISMISSED.

*Mr. Lewis C. Garrigus* and *Mr. D. P. Price,* for the motion.

*Messrs. Boothe & Richardson, contra.*

In Banc.   Opinion PER CURIAM.

1, 2. Motion to dismiss the appeal because the notice of appeal was not filed within the time required by the statute.   Chapter 319, Session Laws of 1913, provides that an appeal must be taken within 60 days from the entry of the judgment.   The decree in this case was rendered August 31, 1915, and the notice of appeal served and filed December 30, 1915.   Counsel for appellant, after the findings and decree were signed, filed a motion to set aside the decree and correct its date. This motion was never finally passed on by the court; but on the 30th of December the court filed what is called an order, and said in this:

"That said findings and decree presented by the plaintiff and so signed by the court were filed of record on the thirty-first day of August, 1915.   That it was the intention of the court to keep the findings and final decree open until the disposition of the motion for a new trial, inasmuch as said findings contained findings of fraud that were not established by the evidence, but inadvertently treated this suit in equity as if it were an action at law and so signed the findings and decree, and did not discover the situation in which the defendant was placed until the motion for a new trial was overruled by operation of law.   The court is of the opinion that it has lost jurisdiction of the matter and

cannot grant the relief sought by this motion, and said motion is for this reason hereby overruled.''

. A motion for a new trial was overruled by operation of law on the 30th of October, by reason of not having been passed on by the court, and the term of court expiring.

This court has held, in *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257), that an appeal must be taken within the time required by law from the date of entering the decree or judgment, notwithstanding any motion for new trial that may be made. This was affirmed in *Gearin* v. *Portland Ry., L. & P. Co.,* 62 Or. 162 (124 Pac. 256). The decree therefore appears in this court as of the date of August 31, 1915, and, the notice of appeal not having been given within the time required by law, the appellant has no remedy, but the motion must be granted.

The appeal is dismissed. APPEAL DISMISSED.