Motion to dismiss appeal argued November 1, appeal dismissed December 19, 1916.

## STANFIELD *v.* MAHON.

(161 Pac. 561.)

**Appeal and Error—Statute Relating to Time of Taking Appeal—When Appeal will be Dismissed.**

1.   Under Section 201, L. O. L., providing that upon a jury trial, judgment in conformity with the verdict shall be entered by the clerk on the day the verdict is rendered, Section 548, as amended by Laws of 1911, page 195, providing that a motion for a new trial shall not stay the six months' time formerly limited in which to take an appeal until the motion was determined, and that the appeal to be effectual must be taken within six months from the entry of judgment, and Section 550, as amended by Laws of 1913, page 617, Section 1, subdivision 5, requiring an appeal to the Supreme Court to be taken within 60 days from the entry of the judgment appealed from, an appeal to the Supreme Court must be taken within 60 days from the original entry of judgment, when a motion for new trial is not granted, and otherwise the appeal will be dismissed.

From Harney: DALTON BIGGS, Judge.

In Banc.   Statement PER CURIAM.

This action of replevin by R. N. Stanfield against James Mahon was tried and on the eleventh day of April, 1916, a finding was made as follows:

"We, the jury impaneled and sworn to try the above-entitled case, find for the defendant, and that defendant was entitled at the commencement of this action to the immediate possession of the 147 head of sheep mentioned in the complaint as security for the payment of the amount of damage done to defendant's land described in the answer and also for the reasonable care of said sheep while being so held by him, and we assess the damage, and expense in the sum of $400, and find that defendant had a special interest and property right in said sheep to the extent of the aforesaid amount; we also find that the value of the said 147 sheep was $624.75, and that the defendant is entitled to the return of said sheep."

Judgment was entered in the journal on the day the verdict was returned. The plaintiff's counsel served and filed a notice of appeal on the twenty-second day of June, 1916, and thereafter gave the required undertaking and caused a transcript to be filed in this court. The defendant's counsel move to dismiss the appeal because it was not taken within 60 days from the time the judgment was given as provided by law: Laws 1913, p. 617, subd. 5.        APPEAL DISMISSED.

*Mr. J. W. Biggs* and *Mr. G. A. Rembold* submitted a brief without argument for the motion.

*Contra,* there was a brief submitted over the names of *Mr. Lionel R. Webster* and *Mr. P. J. Gallagher,* with an oral argument by *Mr. Webster.*

Opinion PER CURIAM.

Resisting the motion, the plaintiff's counsel filed an affidavit showing that when the verdict was found a motion was made to set it aside and for a new trial; that this application was taken under advisement by the court and it was tacitly agreed between counsel for the respective parties that no judgment should be entered or execution issued until the motion for a new trial was determined; that by reason thereof the affiant believed the judgment would not be entered until it was decided whether or not a new trial would be granted; that on the twenty-second day of May, 1916, he examined the court records and found the judgment had not been docketed; that some time later he learned from the judge that inasmuch as 60 days had about elapsed since the application for a new trial was made, the latter would allow the statute of limitations

to overrule the motion, and as soon as possible there-
after the notice of appeal was served and filed; that
examining the docket and finding no judgment had
been entered the affiant relied upon the implied agree-
ment and was surprised to find that the judgment had
been entered in the journal on the eleventh day of
April, 1916, but not noted in the judgment docket until
the twenty-second day of June, 1916, and then as of
the eleventh day of April, 1916.

The counter-affidavit of defendant's counsel is to
the effect that when the verdict was returned, the
court upon their motion immediately gave judgment
which was thereupon entered in the journal; that no
agreement, express or implied, was made that the en-
try of the judgment should be delayed; and that the
only understanding reached was that execution should
not immediately be issued, but that a reasonable time
would be allowed to pay the judgment.

When a trial has been had by jury, judgment shall
be given by the court in conformity with the verdict
and so entered by the clerk within the day on which
the verdict is returned: Section 201, L. O. L.   Section
548, L. O. L., which enactment was incorporated as
Section 547, B. & C. Comp., was amended so as to pro-
vide that a motion for a new trial should not operate
as a stay of the 6 months' time formerly limited in
which to take an appeal until the motion was deter-
mined, but that the appeal to be effectual must be
taken "within 6 months from the date of the original
entry of judgment": Laws 1911, p. 195.   Section 550,
L. O. L., was subsequently amended so that an appeal
to the Supreme Court should be taken "within sixty
(60) days from the entry of the judgment, order or
decree appealed from": Laws 1913, p. 617, subd. 5.

In construing these provisions it has been held that an appeal to this court must be taken within 60 days from the original entry of the judgment, when a motion for a new trial is not granted; *Barde* v. *Wilson,* 54 Or. 68 (102 Pac. 301); *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257); *Gearin* v. *Portland Ry., L. & P. Co.,* 62 Or. 162 (124 Pac. 256); *Hahn* v. *Astoria National Bank,* 63 Or. 1 (114 Pac. 1134, 125 Pac. 284); *Tucker* v. *Davidson,* 80 Or. 254 (156 Pac. 1037). Assuming, without deciding, that parties to a suit or an action could by agreement extend the limitation prescribed by statute for taking an appeal from a judgment or decree, which enactment relates exclusively to a matter of jurisdiction of this court, the alleged tacit agreement relied upon by plaintiff's counsel is denied by counsel for the adverse party, except in respect to their promise not to issue execution until a reasonable time to pay the judgment had elapsed. No conclusive showing has been made by plaintiff's counsel to take this case out of the general rule referred to, and as more than 60 days had elapsed from the time the judgment was entered in the journal until the notice of appeal was served and filed, no jurisdiction of the cause was obtained by this court.

The appeal is therefore dismissed.

APPEAL DISMISSED.