## YOUNG v. N. P. SEVERIN CO. et al.

No. 3104–A.

First Division. Juneau.

June 9, 1934.

Hellenthal & Hellenthal, of Juneau, for plaintiff.

H. L. Faulkner, of Juneau, for defendants.

ALEXANDER, District Judge.

This action was filed September 19, 1930, and trial had thereon to a jury in this court in November, 1931.

On November 18, 1931, motion was made for a directed verdict, which was granted by the court, and on the same day a verdict was found and returned in accordance therewith in favor of the defendants.

On the following day, November 19, 1931, a motion for a new trial was filed by the plaintiff, but nothing further was ever done in the case until counsel for plaintiff called up the motion for hearing, on December 18, 1933.

During the time between the filing of said motion for new trial, viz. November 19, 1931, and the time said motion was finally called up for hearing on December 18, 1933, several terms of this court had intervened. Nor was any order ever made by the court continuing the same for advisement or want of time to hear it.

Our statute (section 1059, Comp.Laws Alaska, as amended by chapter 14, § 1, Sess.Laws Alaska 1923) provides: "A motion for a new trial, with the affidavits, if any, in support thereof, shall, except as hereinafter provided, be filed within three days after giving the verdict or other decision sought to be set aside; but the court may, upon satisfactory showing, extend the time for filing such motion and affidavits. When the adverse party is entitled to oppose the motion by counter affidavits, he shall file the same within three days after the filing of the motion, or within such further time as the court may allow. *A motion shall be*

*heard and determined during the term unless the court continues the same for advisement or want of time to hear it."*

It therefore appears from the above that, while the motion was regularly filed within the time prescribed by the statute, there is nothing in the record anywhere to show that the court ever continued the hearing on this motion for advisement or for any other reason.

The remedy of new trial, being purely statutory, can only be invoked in the manner, within the time, and on the grounds provided in the statute. State ex rel. Sinko v. Dist. Court, 64 Mont. 181, 208 P. 952, 953, 955.

As stated in the same case: "This court has nothing to do with either the wisdom or adaptability of the statute to any given case. * * * It can only apply to the facts in a given case the clear language of the statute."

Our statute provides that such a motion "shall be heard and determined during the term unless the court continues the same for advisement or want of time to hear it." Being purely a statutory remedy, the language of the statute must be strictly construed.

I have searched the Senate and House Journals of the 1923 session of our Legislature for some history of the origin of the 1923 amendment, but find none. The language of the statute, however, indicates that it was taken from the Oregon statute of 1907, where the identical wording is used. The Oregon statute fixing the time within which motions for new trial shall be filed and heard, provides inter alia: *"The motion shall be heard and determined during the term, unless the court continues the same. for advisement, or want of time to hear it."* B. & C.Comp. § 175 as amended by Laws Or.1907, p. 312, § 3.

In construing this statute, the Oregon Supreme Court, in Purdy v. Van Keuren et al., 62 Or. 34, 123 P. 1070, the first case construing the 1907 amendment above quoted, held that, under this section as amended, providing that a motion for new trial shall be heard and determined during the term unless the court shall continue the same, when not

so heard and determined or continued, it shall be deemed withdrawn and may be disregarded; the court having no power to hear or determine such a motion after the term unless it has been continued over.

And in a later case the court ruled that: "A motion for a new trial was overruled by operation of law when not passed on by the court before the expiration of the term." Tucker v. Davidson, 80 Or. 254, 156 P. 1037.

Nor has the Oregon Supreme Court ever varied from its early construction of this statute. One of the later cases, exactly in point here, holds: "Under Or.L., § 175, motion for new trial not considered or heard until after close of term must be deemed to have been denied, where no order continuing motion for advisement or for want of time to hear it was made or entered during such term." Frank v. Matthiesen, 115 Or. 349, 236 P. 754.

The United States Court for this Circuit (Klein v. Southern Pacific Co., 140 F. 213), even before the 1907 amendment of the Oregon statute, on a state of facts exactly like those in question here, held that a motion for new trial must be passed upon at the same term at which it is filed, unless appropriately continued. In that case judgment was rendered on December 27, 1904, at the October term of court. On January 25, 1905, during the same term, a motion for new trial was filed. The motion was not presented to the court during that term, and when the court, on April 8, 1905, adjourned for the term, no order was made continuing the motion to the succeeding term. The court, after quoting these facts, says: "At common law a motion for a new trial expires with the term, unless continued by special order of the court. Kane v. Burrus, 2 Smedes & M. [Miss.] 313."

The Legislature of Oregon, recognizing this rule of common law, has made provision that *"a motion for a new trial shall be. heard and determined during the term, unless continued for advisement or want of time to 'hear it,* and that, when not so heard and determined or continued, it shall

be deemed withdrawn and may be disregarded" (1 B. & C. Comp.Or. § 175), and then holds: "The mere filing of a motion for a new trial [in the Circuit Court] in due time at the term at which the judgment is rendered of its own force, and without any order or recognition by the court, carries the matter over to the succeeding term, so as to give the court jurisdiction without the consent of the opposing party, then to hear and dispose of it."

The wording of the statute being mandatory and the motion not having been heard or determined during the term at which it was filed and not having been continued for advisement or want of time to hear it, as provided by our statute, it follows the motion for new trial will have to be denied, and it is so ordered.