Judd Clikeman, Appellant, v. Calvin Korf, Appellee.

Gen. No. 9,665.

176

July 9, 1941.  Opinion filed

B. JAY KNIGHT and FREDERICK H. HAYE, both of
Rockford, for appellant.

THOMAS F. RYAN, of Rockford, and DONALD M.
KEENAN, of Chicago, for appellee; DONALD M. KEENAN,
of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion
of the court.

This suit was originally instituted by Judd Clikeman to recover for damages sustained to his automobile in an accident which occurred on July 23, 1939. The suit was before a J. Flynn, a justice of peace. A counterclaim was filed by Calvin Korf for damages which he alleged he sustained to his automobile in the same accident. The justice entered judgment in favor of Clikeman in the sum of $106. Costs of the suit were entered by the justice of peace against the defendant, Korf. From this judgment, an appeal was taken by Korf to the circuit court of Winnebago county. In the circuit court, Judd Clikeman entered a motion to dismiss the appeal. This motion was denied, and upon a hearing before the court without a jury, judgment was entered in favor of Korf on his counterclaim in the sum of $137.75. Costs of the suit were assessed against the plaintiff, Clikeman. It is from this judgment that the appeal is prosecuted.

The transcript filed by the Justice of Peace in the circuit court is as follows:

"State of Illinois⎱ ss.
——————County⎰

In Justice Court,
Before A. J. Flynn
Justice of the Peace

"Judd Clikeman ⎫
vs. ⎬
Calvin Korf ⎭

to Circuit Court
Winnebago County,
Illinois.

"Schedule of
    Fees
"Sumonds issued on July 27, 1939 agaists defendant and in favor of plaintiff returnable August 1, 1939 same seved.

"August 1, 1939, defendant by his Attorney Thomas F. Ryan appeared and moved the Court for a continuance of said cause for one week or until August 11, 1939, at one oclock P.M. Continuance agreed to by Counsel for Plaintiff, B. J. Knight.

"11 August 1939
"Case called for trial plaintiff appeared in pearson and his council B. J. Knight defendant appeared in pearson and his Council Thomas F. Ryan. Case proceeded plaintiff introduced evidence upon on his orignal claim by way of several witness—and proved damage to his Automobile in sum of ($106.00) defendant offered evidence as to Counteclaim in the sum of $137.75 at conclusion of all the evidence. Arguments wer—made by council foath plaintiff and defendant. Case continued till August 19—1939 for decision of Court.

"Judgement in favor of plaintiff and against defendants in the sum of $106.00 and cost of Trial. Counter claim of defendant rejected and dismissed.

"State of Illinois ⎱ ss.
Winnebago County⎰

"I, A. J. Flynn, a Justice of the Peace in and for said County, Do Hereby Certify, that the foregoing is a true and correct Transcript of the Judgment given by me in the above entitled suit, and that said Transcript, and the papers herewith accompanying, contain a full and perfect statement of all the proceedings before me, in the above entitled cause.

"In Witness Whereof, I have hereunto set my hand and seal this 20 day of November, 1939.

"A. J. Flynn (Seal)"

The appellant, Judd Clikeman, made a motion to dismiss the appeal because the transcript filed by the justice shows that judgment was entered in favor of the plaintiff on August 19, 1939, and the appeal bond was not filed by Korf until September 12, 1939, more than twenty days after the judgment was entered by the justice for the plaintiff. It will also be observed that the appeal bond was approved by the justice on the 12th day of September, A.D. 1939. The bond was not filed by the justice in the circuit court until December 4, 1939.

It is insisted in this court by the appellant that the attempted appeal was nullity, and the circuit court had no jurisdiction to pass upon the merits of the case. It is also claimed by the appellant that the finding of the court against the plaintiff and in favor of the defendant was against the manifest weight of the evidence.

Section 116 of chapter 79 of Smith-Hurd's Ill. Ann. Stats. [Jones Ill. Stats. Ann. 71.112] provides that: "Appeals from judgments of justices of the peace, and police magistrates to the circuit or county court . . . shall be granted in all cases except on judgments confessed. . . . The party praying for an appeal shall, within twenty days from the rendition of the judgment, pay the fee provided by law for the filing of such appeals and enter into bond with security to be approved and conditioned as hereinafter provided." Then follows the form of the bond.

In the case of *Bennett v. Karasik,* 164 Ill. App. 362, at page 364, this court was considering a case where the appeal bond had not been filed in apt time, and in the opinion we use this language: ''As already stated, the judgment before the justice was entered on February 8, 1909. The appeal bond of Levy was dated and filed in the circuit court and approved, on March 3, 1909, more than twenty days after the date of the judgment. The statute requires the party desiring to take an appeal from the judgment of a justice of the peace to file a bond either in the office of the justice of the peace rendering the judgment or with the clerk of the court to which the appeal is taken and secure its approval within twenty days from the rendition of the judgment. Statutes limiting the time for taking the appeal are mandatory and jurisdictional, and if the appeal is not taken within the statutory period, neither the regularity of the proceedings nor the jurisdiction of the lower court can be inquired into, and the appeal cannot be considered, but must be dismissed. 4 Ency. P. & P. 115, title, 'Appeal;' *Sholty v. McIntyre,* 136 Ill. 33; *Vickers v. Tyndall,* 168 Ill. 616.'' The filing of the appeal bond with the justice of the peace within twenty days is jurisdictional, unless it was so filed the circuit court had no jurisdiction to hear the case.

The transcript filed by the justice, which serves as a declaration in the circuit court, shows that the justice heard the case on August 11, 1939, and continued by him to August 19, 1939, for his decision when and according to the transcript filed by the justice, he entered judgment in favor of the plaintiff, Judd Clikeman, for $106 and assessed the costs of the suit against the defendant, Korf, and rejected and dismissed his counterclaim. After the justice heard the evidence, he had the authority to adjourn the case for some fixed and reasonable time to enable him to consider the evidence, or examine the law relative to the case. This adjourn-

ment must be to a definite time, and should be announced in open court so that the parties may be present at the time of his decision in order to take such step for the protection of their interests, as they may deem proper. *Hall v. Reber,* 36 Ill. 483; *Colwell v. Swick,* 190 Ill. App. 369. We think that the justice's record clearly indicates that he followed the legal procedure in adjourning the case for his decision to August 19, and rendered his judgment on that date.

The bond filed by the appellee in the circuit court recites that the appeal is taken from a judgment entered by the justice on August 30, 1939. The appellee insists that this shows the date on which the judgment was actually rendered, therefore the appeal bond was filed in apt time. As stated before, the transcript of the justice stands as the declaration in the circuit court, and is the basis for the suit. After the transcript is once filed, the justice of the peace has lost jurisdiction of the case, and cannot amend or change the transcript in any manner. (*Merritt v. Yates,* 71 Ill. 636.) The bond filed by the appellee is no part of the transcript, and cannot aid it in any way in determining the jurisdiction of the circuit court. It is our conclusion that the court erred in not dismissing the appeal. The view we have taken in regard to the jurisdictional question raised in this case, makes it unnecessary for us to pass upon the facts as presented to the trial court.

The judgment of the trial court is hereby reversed, and the cause remanded with directions to the trial court to dismiss the appeal, and to issue a writ of *procedendo.*

*Reversed and cause remanded.*