People of State of Illinois, Appellee, v. Carl Chopp, Appellant.

Gen. No. 11,152.

Second District, First Division.
April 21, 1958.
Released for publication May 8, 1958.

Francis J. Loughran, of Joliet (John Irving Pearce, of Wilmington, of counsel) for defendant.

Frank H. Masters, Jr., State's Attorney of Will County (John J. McGarry, and Michael A. Orenic, Assistant State's Attorneys, of counsel) for People, appellee.

JUSTICE SPIVEY delivered the opinion of the court.

Carl Chopp, defendant-appellant, was found guilty of disorderly conduct before a Justice of the Peace and assessed a fine of $200 and costs. Appellant appealed to the Circuit Court of Will county, Illinois, from this judgment.

On appellee's motion the Circuit Court dismissed the appeal. The motion alleged that the Circuit Court was without jurisdiction in that the transcript of the Justice of the Peace failed to show that an appeal bond was filed with the Justice of the Peace.

The failure of the transcript to show the filing of the appeal bond is the sole question presented by this appeal. There is no dispute that there is on file in the office of the clerk of the Circuit Court of Will county a sufficient appeal bond executed by the appellant, which bond shows on its face the approval of the Justice of the Peace.

Chapter 79, Sec. 116, Ill. Rev. Stat., 1957, provides, inter alia, that the appeal bond shall be approved and filed with the Justice of the Peace rendering the judgment, and that the Justice of the Peace shall deliver to the clerk of the court to which the appeal is taken, all of the papers in the case and a transcript of his docket in the case with a certificate under his hand and seal that said transcript and papers contain a full and perfect statement of all the proceedings before him.

■ It has been the long established policy of courts of review in this state to excuse technical accuracy in the proceedings before justice courts so long as it may be gleaned from the whole of the record that the Justice of the Peace and the reviewing court have jurisdiction.

Appellee contends that Chap. 79, Sec. 161, Ill. Rev. Stat., 1957, requires the Justice of the Peace to note the filing and approval of an appeal bond in his docket.

In Cochren v. Sweigle, 213 Ill. App. 594, this court in holding that a notation in the Justice's docket that an appeal bond was filed on a certain day may be contradicted by parol evidence, and said at page 597,

"The statute, however, does not require the justice to make a notation in his docket of the time of the filing or approval of an appeal bond, and the notation referred to was therefore not a part of the record required to be kept by the justice, and not properly a part of the transcript."

Again in Clikeman v. Korf, 311 Ill. App. 175, 35 N.E.2d 716, this court said, "The bond filed by the appellee is no part of the transcript, and cannot aid it in any way in determining the jurisdiction of the Circuit Court."

Appellee calls to our attention but one case, Rybarczyk v. Weglarz, 204 Ill. App. 232. In that case an affidavit of the Justice of the Peace discloses that he approved the appeal bond, but the same was in fact never filed with him. We hold that that case is no authority for the instant case but in fact gives credence to a statement in Vol. 51 C. J. S., Sec. 153i (3), p. 290, wherein it is stated, "The approval of an appeal bond by the justice raises a presumption that it was filed by him . . . ."

■ We conclude that an appeal bond approved by a Justice of the Peace and filed with the reviewing court together with the transcript certifying that the

229

transcript and papers contain a full and perfect statement of all proceedings before him raises a presumption that the appeal bond was filed with the Justice of the Peace.

■ The trial court erred in dismissing the appellant's appeal, and this cause is reversed and remanded with directions to overrule appellee's motion to dismiss the appeal.

Reversed and remanded with directions.

DOVE, P. J. and McNEAL, J., concur.